UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80022-CANNON/REINHART

UNITED STATES OF AMERICA

vs.

DANIEL M. CARVER, et al.,

        Defendants.

_____/

## JOINT MOTION FOR COMPLEX CASE DESIGNATION AND REQUEST FOR A SCHEDULING CONFERENCE

The Government and the Defendants (collectively, the "Parties") respectfully move this Court for an order: (i) designating the above-captioned matter as a complex case, excluding time for purposes of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii); and (ii) converting the calendar call on April 19, 2022, to a scheduling conference[*], at which time the Parties be permitted to propose trial dates for the Court's consideration.

On February 24, 2022, the Grand Jury returned an Indictment in this matter charging ten defendants for their respective roles in health care fraud, kickback, and money laundering conspiracies. As of this date, not every Defendant has been arraigned. For those Defendants already arraigned, a standing discovery order was entered. This week, the Government produced an initial production, approximately 90,000+ documents, which will be followed by additional productions over the coming weeks. However, there are approximately 620,000 documents subject to filter review and are therefore not yet available to either the Government or the Defendants.

---

[*] If the Court is so inclined, the Parties are in agreement that the scheduling conference may be held via video conference.

The Special Matters Unit of the Fraud Section of the U.S. Department of Justice, is conducting the filter review of search warrant materials seized during the investigation which contain potentially privileged information. These items include a cell phone, laptops, electronic devices, and e-mail accounts associating with the Defendants and their call center business. The Special Matters Unit will be filing a motion seeking an order from this Court related to a proposed filter protocol. Once the Court approves a filter protocol, the Special Matters Unit anticipates it will need between 60–90 days to complete its review of these items. In sum, due to the filter review, the Parties will not have all discovery by the current trial period commencing on April 25, 2022.

As a result, the Parties respectfully request that the Court continue the trial and convert the calendar call on April 19, 2022 to a scheduling conference. By then, the Parties might have a timetable for when filter items will be available and will be in a better position to propose trial dates for the Court's consideration.

This request is appropriate under the circumstances, and, indeed, the Court may properly exclude certain periods of delay in computing the time when trial must commence under the Speedy Trial Act. Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude time from the Speedy Trial Period where it finds that "the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." *Id*. When considering whether to grant a continuance requested under this provision, one of the factors the Court shall consider is:

> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).  Here, the Parties submit that the case is "unusual or complex" within the meaning of the above statute due to the number of defendants (ten) and the nature of the prosecution, to include the anticipate timetable for discovery productions.  Therefore, designating the case as complex and a continuance is warranted.

As to the nature of the prosecution, the charges concern the legitimacy of numerous doctors' orders for durable medical equipment and genetic tests.  This case will likely involve expert testimony related to the Medicare program, the medical necessity for certain durable medical equipment and genetic testing, and other related topics.  Additionally, the bank and financial records in this case showing the flow of funds underlying the Government's allegations are extensive.  All of these materials and issues will take time for the parties to fully evaluate and prepare for trial.

Most importantly, as mentioned above, discovery items subject to filter review will not be fully disclosed to the Parties for a few months.  As a result, the Parties will need sufficient time to review these items and prepare for trial.  In sum, as the case is complex and discovery has not been fully produced, the Parties are not ready for trial at this time.  Each Defendant is prepared to waive Speedy Trial time in a separate filing, if requested to do so by the Court.

The Parties respectfully request that this Court continue the trial date and hold a scheduling conference on April 19, 2022 (the date of the current calendar call).  As described above, given the complex nature of this case and the voluminous discovery and likely trial issues, the April 25, 2022 trial date is not viable.  The Parties respectfully suggest that the case be specially set and that the Parties be allowed to propose trial dates at the scheduling conference.

WHEREFORE the Parties jointly request that this Court: (i) find that the case is so complex, given the number of defendants, nature of the prosecution, and timetable for discovery,

that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the narrow ordinary time limits of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii); and (ii) hold a scheduling conference on April 19, 2022.

Each of the Defendants, through counsel, join in this motion.

Dated: March 24, 2022                           Respectfully submitted,

                                                     JUAN ANTONIO GONZALEZ
                                                     UNITED STATES ATTORNEY

                                                   JOSEPH S. BEEMSTERBOER, CHIEF
                                                   CRIMINAL DIVISION, FRAUD SECTION
                                                   U.S. DEPARTMENT OF JUSTICE

By:  */s/ Patrick J. Queenan*
      Patrick J. Queenan
      Trial Attorney
      FL Special Bar No. A5502715
      U.S. Department of Justice
      Criminal Division, Fraud Section
      1400 New York Avenue, N.W.
      Washington, D.C. 20005
      Phone: (202) 875-0326
      patrick.queenan@usdoj.gov

      Reginald Cuyler Jr.
      Trial Attorney
      FL Bar # 0114062
      U.S. Department of Justice
      Criminal Division, Fraud Section
      12020 Miramar Parkway
      Miramar, Florida 33025
      Phone: (202) 748-3024
      reginald.cuyler.jr@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 24, 2022, I served and filed the foregoing document with the Clerk of the Court via CM/ECF.

                                                  By:    */s/ Patrick J. Queenan*
                                                              Patrick J. Queenan
                                                               Trial Attorney
                                                               U.S. Department of Justice