UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80022-CR-CANNON

UNITED STATES OF AMERICA,

vs.

DANIEL M. CARVER, *et al.,*

Defendants.

_____/

## THE MIAMI HERALD'S MOTION TO INTERVENE AND FOR ACCESS TO SEALED RECORDS

The McClatchy Company, LLC, doing business as *The Miami Herald* (the "*Herald*"), moves to intervene in these proceedings for the limited purpose of petitioning for access to sealed records, and moves for the entry of an Order unsealing docket entry numbers 176, 177, 215, 216, 219, and 220 (collectively, the "Records").  The grounds for this Motion are:

**A.     The *Herald* Has Standing To Intervene For The Purpose Of Obtaining Access.**

Through this Motion, the *Herald* seeks access to judicial records that are currently sealed and inaccessible to the press and public. The *Herald*, which is a daily newspaper that publishes the news throughout South Florida, has standing to intervene in these proceedings for the purpose of obtaining access to judicial records that have been sealed.  *See, e.g., Tribune Co. v. United States*, 784 F.2d 1518, 1521 (11th Cir. 1986) ("The press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records."); *Newman v. Graddick*, 696 F.2d 796, 800 (11th Cir. 1983) ("This Court has upheld the press's standing to seek access in suits to which it is not a party.").

**B.      The Records Should Be Unsealed Because There Is No Publicly Available Explanation Or Determination Supporting Closure.**

The Records are documents that the parties have filed, and/or that the Court has entered, in the record of this action.  "'It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.'  The media and public presumptively have a right to access judicial records." *See Commissioner, Alabama Dept. of Corrections vs. Advance Local Media, LLC*, 918 F.3d 1161,1166 (11th Cir. 2019) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)) (internal citation omitted).

Where the right of access arises from the common law, the right of access "may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential."  *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (brackets in original).  Where the right of access arises from the First Amendment, "the presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *See Press-Enterprise Co. v. Superior Court of California, Riverside County*, 464 U.S. 501, 510 (1984) ("*Press-Enterprise I*").

Here, the Records have been sealed without there being any publicly available motion identifying the party or parties who sought sealing, identifying the interest sought to be protected by sealing, or offering a legal and factual basis for restricting the press and public's right of access to the Records.  More importantly, there is no publicly available Order setting out "findings specific enough that a reviewing court can determine whether the closure order was properly entered." *See Press Enterprise I*, 464 U.S. at 510.  More specifically:

This Circuit has said that these findings "should include the reason for the closure, the evidence that supports the need for the closure, the number of persons excluded and the number allowed to remain, and the presence or absence of the press." *Douglas v. Wainwright,* 714 F.2d 1532, 1546 n. 16 (11th Cir.1983) (applying First Amendment standard to defendant's Sixth Amendment right to a public trial).

Of course, disclosure of evidence supporting the need for continued secrecy may in some cases reveal sensitive information that, if publicized, would defeat the purpose of keeping the proceeding or record sealed in the first place. *United States v. Kooistra,* 796 F.2d 1390, 1391 (11th Cir.1986). But the law permits the district court to seal parts of the denial of access order itself so far as the facts sealed are necessary to protect the higher values at issue, and where "the district court makes every effort to explain as much of its decision as possible on the public record to enable an interested person to intelligently challenge the decision." *Washington Post v. Robinson,* 935 F.2d 282, 289 n. 9 (D.C.Cir.1991) (holding that, in sealing a plea agreement, "the trial court may file its findings under seal if it is necessary to protect the secrecy of the plea agreement ... [but] should only seal that part of its findings that is necessary to protect the secrecy of the sealed plea agreement, and it must make every effort to explain as much of its decision as possible on the public record to enable an interested person to intelligently challenge the decision"); *accord United States v. Haller,* 837 F.2d 84, 87 (2d Cir.1988); *In re Washington Post Co.,* 807 F.2d at 391. Thus, the sensitive nature of the facts poses no barrier to compliance with the First Amendment. The district court can enable meaningful appellate review of its order and provide as much information to the public as possible, while still protecting the higher values at stake.

*See United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 n.16 (11th Cir. 2005); *see also Bridgestone/Firestone*, 263 F.3d at 1314-15 (applying the same requirements where the right of access can be overcome by a showing of good cause).

The Records were sealed in a manner that does not comply with the requirements that must be followed in order to protect the press and public's right of access to judicial records.

**C.    Conclusion.**

For these reasons, the *Herald* respectfully requests the entry of an Order unsealing docket entry numbers 176, 177, 215, 216, 219, and 220.

#178509153_v1

**Certificate of Counsel**

On September 13, 2022, at 10:47 a.m., counsel for the *Herald* sent an email to counsel for all of the parties regarding the relief requested in this motion.  Two defendants have not responded to the email (Defendants Richardson and Cigarroa), and the remaining defendants stated that they do not object to the relief requested in this motion.  The Government's position is that it objects to unsealing on the grounds that the Records contain grand jury material protected from disclosure by Federal Rule of Criminal Procedure 6(e); however, the Government would be amenable to unsealing redacted versions of the filings that the Government will identify or explain in a written response to this motion.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for The *Herald*
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500
(305) 789-7799 (facsimile)

/s/ Scott D. Ponce
Scott D. Ponce (FBN 0169528)
E-mail:sponce@hklaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 15, 2022 I electronically filed this document with the Clerk of the Court by using the CM/ECF System.

/s/ Scott D. Ponce

#178509153_v1