UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80022-CR-CANNON

**UNITED STATES OF AMERICA**,

       Plaintiff,

v.

**DANIEL M. CARVER, et al.**,

       Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO INTERVENE AND GRANTING MOTION TO SEAL

**THIS CAUSE** comes before the Court upon The Miami Herald's Motion to Intervene and for Access to Sealed Records, filed on September 15, 2022 [ECF No. 328], and the United States' Motion to File Partially Redacted Versions of Previously Sealed Documents ("Motion to Seal"), filed on September 20, 2022 [ECF No. 332]. The Court has reviewed the Motion to Intervene [ECF No. 328], the Motion to Seal [ECF No. 332], the United States' Response to the Motion to Intervene [ECF No. 331], the Reply to the Motion to Intervene [ECF No. 334], and the full record. For the reasons set forth below, the Motion to Intervene and for Access to Sealed Records [ECF No. 328] is **GRANTED IN PART AND DENIED IN PART**, and the Motion to Seal [ECF No. 332] is **GRANTED**.

### MOTION TO INTERVENE

The Miami Herald seeks to intervene in these proceedings for the limited purpose of petitioning the Court to unseal the following documents: (1) the United States' April 8, 2022 Motion to Seal [ECF No. 176]; (2) the United States' April 8, 2022 Partially Opposed Motion for Discovery Protocol Governing Disclosure of Material Subject to Claims of Privilege and

accompanying exhibits [ECF No. 177]; (3) the United States' April 29, 2022 Motion to Seal [ECF No. 215]; (4) the United States' April 29, 2022 Reply in Support of Partially Opposed Motion for Protocol Governing Material Subject to Claims of Privilege and accompanying exhibits [ECF No. 216]; (5) the Court's May 5, 2022 Order Granting Motion to Seal Reply in Support of Partially Opposed Motion for Discovery Protocol [ECF No. 219]; and (6) the Court's May 6, 2022 Order Granting Motion for Discovery Protocol Governing Disclosure of Material Subject to Claims of Privilege [ECF No. 220].

The United States, in its response to the Motion to Intervene, states that, while it opposes a complete unsealing of the filings, it does not oppose a partial unsealing of the filings in a manner that protects the disclosure of grand jury information protected by Federal Rule of Criminal Procedure 6(e) [ECF No. 331 p. 1]. The United States notes that it does not oppose the complete unsealing of Sealed Docket Entries 176, 215, and 219, which do not contain protected material [ECF No. 331 p. 2]. However, in order to protect the grand jury information covered by Federal Rule of Criminal Procedure 6(e) contained in Sealed Docket Entries 177, 216, and 220, the United States has filed a Motion to Seal accompanied by redacted versions of the requested sealed docket entries [ECF No. 332].

The Miami Herald responds in Reply that any redactions must be narrowly tailored, and that any partial sealing be accompanied by a Court order explaining the grounds that are sufficient to overcome the Amendment right of access to court records [ECF No. 334 p. 2].

"The press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records." *In re Petition of Tribune Co.*, 784 F.2d 1518, 1521 (11th Cir. 1986). As mentioned, the Miami Herald seeks to intervene in this matter to request access to certain sealed documents on the docket. The Miami Herald has standing

CASE NO. 22-80022-CR-CANNON

to seek such intervention. *See id.* As such, the Court grants the request to intervene. The Miami Herald is permitted to intervene in this matter for the limited purpose of requesting access to sealed records. The Court's order on what is to be unsealed follows below.

## MOTION TO SEAL

The United States does not oppose the Miami Herald's request to unseal in full Sealed Docket Entries 176, 215, and 219. The Clerk is thus directed to unseal Docket Entries 176, 215, and 219 as indicated below. Further, because Docket Entry 176 is being unsealed, the Court also unseals its April 13, 2022 Sealed Order Granting Government's Sealed Motion to Seal Government's Partially Opposed Motion for Discovery Protocol Governing Disclosure of Material Subject to Claims of Privilege [ECF No. 183].

The United States does oppose, however, the complete unsealing of Sealed Docket Entries 177, 216, and 220 (and any exhibits attached thereto) on the basis that such documents contain grand jury information protected by Federal Rule of Criminal Procedure 6(e) and other material that relates to ongoing criminal investigations [ECF No. 332 p. 1]. To this end, the United States supplies three exhibits containing proposed redactions to Sealed Docket Entry 177 [ECF No. 332-2 pp. 1–171], Sealed Docket Entry 216 [ECF No. 332-2 pp. 172–194], and Sealed Docket Entry 220 [ECF No. 332-2 pp. 195–205].

The Court has reviewed the United States' proposed redactions to Sealed Docket Entries 177, 216, and 220 and finds that the redactions are narrowly tailored to provide public access while also ensuring the protection of information covered under Federal Rule of Criminal Procedure 6(e). In restricting public and press access to criminal proceedings, the Court must articulate specific "findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press Enterprise Co. v. Superior Court of California*, 464 U.S. 501 (1984).

Federal Rule of Criminal Procedure 6(e) prohibits the disclosure of grand jury records by requiring that "[r]ecords, orders and subpoenas relating to grand jury proceedings … be kept under seal … to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). The secrecy of grand jury proceedings is "an integral part of our criminal justice system." *Blalock v. United States*, 844 F.2d 1546, 1555 (11th Cir. 1988). The "'indispensable secrecy of grand jury proceedings' must not be broken." *United States v. Procter*, 356 U.S. 677, 682 (1958) (quoting *United States v. Johnson*, 319 U.S. 503, 513 (1943)).

Here, the Court finds that the complete unsealing of Sealed Docket Entries 177, 216, and 220 would be adverse to the compelling government interest in grand jury secrecy protected by Federal Rule of Criminal Procedure 6(e)(6). The United States has consented to the Court unsealing the requested docket entries with certain information redacted. In reviewing those proposed redactions, the Court finds that they are narrowly tailored to serve the government's interest in protecting the secrecy of grand jury proceedings. The United States' proposed limited redactions restrict the right to information no more than is necessary to ensure the secrecy of grand jury proceedings.

\*\*\*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Miami Herald's Motion to Intervene and for Access to Sealed Records [ECF No. 328] is **GRANTED IN PART AND DENIED IN PART**.

    a. The Miami Herald shall be permitted to intervene in this matter for the purpose of requesting access to sealed records.

    b. **The Clerk is directed to unseal Docket Entries 176, 183, 215, and 219.**

2. The United States' Motion to Seal [ECF No. 332] is **GRANTED**.

   a. **On or before October 12, 2022, the United States shall file—as three separate docket entries—partially redacted versions, as proposed, of Docket Entries 177, 216, and 220 [ECF No. 332-2].**

3. In light of the forthcoming unsealing, in partially redacted form, of Docket Entries 177, 216, and 220, the United States shall file, **on or before October 13, 2022**, a notice indicating its position with respect to unsealing the Motion to Seal and its exhibits [ECF Nos. 332, 332-1, 332-2].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 7th day of October 2022.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record