FILED BY P/ ___ D.C.

**Apr 8, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-CR-80022-CANNON/REINHART

**UNITED STATES OF AMERICA**

**vs.**                                                    **UNDER SEAL**

**DANIEL M. CARVER, et al.,**

                    **Defendants**.

_____/

## UNITED STATES' PARTIALLY OPPOSED MOTION FOR DISCOVERY PROTOCOL GOVERNING DISCLOSURE OF MATERIAL SUBJECT TO CLAIMS OF PRIVILEGE

The United States of America, by and through its assigned Filter Team,[1] respectfully files this partially opposed motion to request authorization and entry of a protocol to disclose discovery materials that have been or are potentially subject to claims of privilege. Counsel for nine of the ten Defendants[2] do not oppose entry of the proposed protocol attached as Exhibit A (the "Proposed Protocol") governing the handling of Potentially Protected Material ("PPM").[3] However, counsel

---

[1] The Filter Team attorney in this case is DOJ Trial Attorney Timothy J. Coley. The Filter Team attorney is assigned to the U.S. Department of Justice, Criminal Division, Fraud Section's Special Matters Unit and has a separate reporting and supervisory chain from the Prosecution Team in this case. Further, the Filter Team attorney is supported by paralegals and other professional staff who are not part of the Prosecution Team. The Filter Team attorney and his supporting staff only conduct the filter review and are not involved in the investigation or proceedings related to the above-captioned matter.

[2] The following Defendants, through counsel, stated that they do not oppose entry of the Proposed Protocol: Daniel Carver, Louis Carver, Thomas Dougherty, Galina Rozenberg, Michael Rozenberg, Ethan Macier, Ashley Cigarroa, Timothy Richardson, and Jose Goyos. *See infra* p. 11, Local Rule 88.9 Certification.

[3] "Potentially Protected Material" is defined as material that could potentially garner the protections of the attorney client privilege, work product doctrine, or other legally recognized privileges.

for Defendant John Paul Gosney, Jr. stated that he is in opposition. *See infra* p. 11, R. 88.9 Certification.

    The Proposed Protocol provides an orderly mechanism for ostensible privilege holders to assert a privilege with specificity, while also narrowing and resolving potential privilege disputes. Accordingly, for these reasons and those set forth below, the Filter Team respectfully requests the Court grant this Motion and enter the Proposed Protocol.

## **FACTUAL BACKGROUND**

    On February 24, 2022, a Grand Jury issued an Indictment [ECF No. 23] for ten Defendants, Daniel Carver, Louis Carver, Thomas Dougherty, Galina Rozenberg, Michael Rozenberg, Ethan Macier, John Paul Gosney, Jr., Timothy Richardson, Ashley Cigarroa, and Jose Goyos for their respective roles in health care fraud, kickback, and money laundering conspiracies. Indictment at 12-33. The Defendants' conduct resulted in the submission of over $67 million in false and fraudulent claims to Medicare for medically unnecessary cardiovascular genetic testing as well as additional false and fraudulent claims for durable medical equipment. *Id.* at 16-17. These funds were then laundered through shell companies to conceal the nature, location, source, ownership, or control of the proceeds. *Id.* ¶ 20.

    A.    **The Search Warrants**

        1.    **The Premises Search Warrants**

    On July 13, 2021, the Honorable Shaniek Maynard approved two sealed search and seizure warrants (the "Premises Search Warrants") for materials located at a call center location operated by the Defendants (1200 North Federal Highway, Suite 417, Boca Raton, FL), as well as a mobile device belonging to Daniel Carver.

On July 14, 2021, the Government executed the Premises Search Warrants, seizing approximately eleven banker's boxes of documents, a money wheel, laptop computers, desktop computers, and a cell phone belonging to Daniel Carver.  *See* Exhibit B, *Inventory of Seized Materials*.  The privilege review team and Filter Team followed the PPM-handling processes in the search warrants ████████████████████ segregating all PPM from the investigation team.[4]

### 2.  The Email Search Warrant

On December 3, 2021, the Honorable William Matthewman approved a search warrant (the "Email Search Warrant") for email communications associated with the following Google accounts from May 2020 to the time of the search (on or around December 3, 2021):

    a.    dmcarver777@gmail.com (Daniel M. Carver);
    b.    g.rozenberg305@gmail.com (Galina Rozenberg);
    c.    m.rozenberg305@gmail.com (Michael Rozenberg);
    d.    ashleydataco@gmail.com (Ashley Cigarroa);
    e.    josebroadstreet@gmail.com (Jose Goyos);
    f.    joannapalmleaf@gmail.com (Joanne Polumsky);
    g.    82dataco@gmail.com (Thomas Dougherty);
    h.    ginodataco@gmail.com (Louis Carver); and
    i.    john@ojpinc.com (John Paul Gosney).

On or around January 21, 2022, the Government downloaded search warrant returns from Google containing approximately 79,000 documents.  The privilege review team and Filter Team followed the PPM-handling processes in the search warrants ████████████████████ ████ segregating all PPM from the investigation team.

---

[4] During the execution of the Warrants, the Government was informed that the premises contained an office purportedly belonging to Attorney Keith Fousek.  No items were seized from this office, and no individual from the Government entered this office other than to secure and clear the office during the initial sweep.  Thereafter, the Filter Agent assigned to the case sealed this office with tape to prevent further entry.

### 3. The Warrants Contained Procedures for Handling PPM

The Government received information prior to filing the Premises Search Warrants and the Email Search Warrant that PPM potentially may be present, and for this reason included detailed search procedures for handling PPM in the Warrant applications. *See* Exhibit C (Attachment G, Case No. 21-8267-SMM); Exhibit D (Attachment H, Case No. 21-8268-SMM); Exhibit E (Attachment C, Case No. 21-8467-WM), Search Procedures for Handling Potentially Privileged Information for Search Warrants.

The Warrants' search procedures provided in relevant part that a privilege review team— separate from the investigative search team—will search for and segregate material that may contain PPM among the seized materials. Pursuant to these provisions, the Filter Team reviewed the identified seized materials to isolate the PPM and segregate it from the Prosecution Team.[5] The Filter Team does not itself make privilege determinations but takes the appropriate course for resolving potential PPM objections, including working with the privilege holders regarding privilege assertions and, if necessary, seeking privilege determinations from the Court. Material the Filter Team does not identify as PPM may be provided to the Prosecution Team. The search procedures also specify the procedure for handling digital devices or files containing PPM. *See* Ex. C at 2-6, Ex. D at 2-4; Ex. E at 3-10. Each of the three Warrant applications approved by the Court contained the search protocols for handling PPM as described above.

---

[5] The United States is providing certain basic information to the Court about its filter process in this case as background and context to explain how the need for the Proposed Protocol arose. In providing such information, the United States does not intend to waive its right to argue that certain information about its investigation, filter process, or prosecution of this case is protected by the deliberative process privilege or other applicable privileges. The Government asserts deliberative process, work product doctrine, and attorney-client privilege regarding this information.



**C.** **Gosney's Instant Objection to the Protocol Order**

In the instant case, nine of the ten Defendants do not oppose entry of the Proposed Protocol. Defendant Gosney is the sole objector to the Protocol Motion, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. In short, Gosney objects to any Government attorney, even Filter Attorneys formally segregated from the Prosecution Team, accessing his material. *See* Exhibit L, April 1, 2021 email from Gosney counsel ("Our position on the proposed protocol order remains ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that we object generally to filter teams comprised of government attorneys."). ▓▓▓▓▓▓▓▓ already considered and rejected this absolutist position—as has the Eleventh Circuit Court of Appeals after considering similar arguments raised by Gosney's same counsel, Howard Srebnick. *See In re:*

*Sealed Search Warrant and Application for Warrant by Telephone or Other Reliable Electronic Means* ("*Korf*"), 11 F.4th 1235, 1249–50 (11th Cir. 2021))—as have other cases in this District. *See* Exhibit M, Order on Government's Motion for Discovery Protocol, *United States v. Stein,* No. 21-CR-20321 (S.D. Fla.) (denying same arguments and adopting substantially similar filter protocol).[6]

## ARGUMENT

### I.    A FILTER TEAM IS AN APPROPRIATE AND EFFICIENT MECHANISM FOR RESOLVING PRIVILEGE DISPUTES

The Proposed Protocol makes use of a Filter Team[7] to identify and withhold potentially discoverable material obtained during criminal investigations from material properly subject to disclosure to the prosecution team and co-defendants. *See* Ex. A (Proposed Protocol). Courts in this Circuit have recognized the validity of using filter teams to properly segregate material subject to a claim of privilege. *See, e.g.,* Ex. M (*Stein* Protocol Order); *United States v. Garipoli*, No. 19-CR-80196 (S.D. Fla. Mar. 11, 2021); *United States v. Patel*, No. 19-CR-80181, 2020 WL 3118291 (S.D. Fla. June 8, 2020); *United States v. Murphy*, No. 5:20-cr-00291 (N.D. Al. July 26, 2021); *United States v. Deluca*, 663 F. App'x 875, 877 (11th Cir. 2016); *United States v. Kallen-Zury*, 710 F. App'x 365, 373 (11th Cir. 2017). Further, courts in other jurisdictions, including in the Third, Fourth, Fifth, and Sixth Circuits, have recently entered protocols utilizing filter teams such as the one sought here. *See, e.g., United States v. Salahaldeen*, No. 3:20-CR-839, 2021 WL

---

[6] Gosney counsel's April 1, 2021 email also requested the addition of language in the Proposed Protocol describing the separation of Filter Team and Prosecution Team personnel. *See* Ex. L. The Filter Team agreed to this change and incorporated the proposed language in Paragraph 2 of the Proposed Protocol. *See* Proposed Protocol, Ex. A ¶ 2.

[7] Filter Team members, including those attorneys conducting and supervising the filter review of all the materials, are not, and will never be, involved in the prosecution of this case. Members of the Filter Team have been cautioned not to disclose information discovered during the filter process to the Prosecution Team.

2549197 (D.N.J. May 7, 2021); *United States v. Reifler*, No. 1:20-CR-512-1, 2021 WL 2253134

(M.D.N.C. June 2, 2021); *United States v. Fluitt*, Case No. 20-cr-00196-TAD (W.D. La. December

9, 2020); *United States v. Young et al.*, Case No. 1:19-cr-10040-JTF (W.D. Tenn. October 15,

2020). Moreover, the U.S. Court of Appeals for the Eleventh Circuit recently rejected the

argument that Government filter attorneys are not permitted to review privileged documents

pursuant to court-approved protocols. *Korf*, 11 F.4th 1235 (11th Cir. 2021); *see infra* 9-10; Exs.

I, M.

      Accordingly, where, as here, a court is faced with criminal litigation involving potential

claims of attorney-client privilege, the use of a Filter Team provides a practical means for

narrowing and ultimately adjudicating such claims.

## II.    THE PROPOSED PROTOCOL PROVIDES AN ORDERLY, PRACTICAL PROCESS FOR NARROWING AND RESOLVING PRIVILEGE DISPUTES

      The Government has discovery obligations in criminal proceedings to all charged

defendants pertaining to material obtained from Defendants. Where the materials may involve

claims of privilege, the Government's discovery obligations must be balanced with the rights of

privilege holders, who may possess constitutional and statutory rights to the effective assistance

of counsel and to have privileged communications with those counsel. Further, the Court has

inherent power to regulate discovery pursuant to Rule 16(d)(1) of the Federal Rules of Criminal

Procedure which permits the Court to "deny, restrict, or defer discovery or inspection, or grant

other appropriate relief." The Proposed Protocol contains several important features to balance

these interests.

      The Proposed Protocol provides an organized mechanism for addressing privilege issues

and ultimately narrowing and adjudicating such issues. To be clear, the Proposed Protocol is not

intended to endow the Filter Team with the ability to adjudicate privilege claims; adjudication of

Case 9:22-cr-80022-AMC Document 35 Entered on FLSD Docket 05/11/2023 Page 8 of 11
Case 9:22-cr-80022-AMC Document 357 Entered on FLSD Docket 05/11/2023 Page 182 of 270
Page 8 of 11

privilege claims is solely the realm of the Court. *See* Fed. R. Evid. 501. However, since "[t]he burden of establishing the privilege rests with the client or with the party objecting to the disclosure of the communication," *McClary v. Walsh*, 202 F.R.D. 286, 291 (N.D. Ala. 2000), including through a particularized showing, the Court cannot practically adjudicate the privilege claims here without employing an orderly process. Moreover, "a party cannot meet its burden of proof with a blanket assertion of privilege." *In re Grand Jury Subpoena*, 831 F.2d 225, 228 (11th Cir. 1987).

For these reasons, the Filter Team respectfully suggests that the Proposed Protocol provides the Court with an orderly process whereby the asserting party makes such claims with particularity, by creation of a privilege log, and the parties discuss and attempt to narrow the remaining disputes before the material is submitted to the Court for *in camera* inspection, if necessary, and for adjudication. Further, the Proposed Protocol provides a practical mechanism for the Government to notify and resolve potential third-party claimants' claims prior to producing their Potentially Protected Material in discovery and provide an objecting claimant with an opportunity to be heard.

Finally, the Proposed Protocol protects the privilege by limiting any waiver of privilege to this proceeding only, and expressly retaining for the privilege holder any claim of privilege with respect to future proceedings, thus creating a more efficient process where a potential claimant need not assert a privilege claim solely out of concern for a future waiver claim in some other proceeding. *See* Fed. R. Evid. 502(d) (providing that the court may "order that [a] privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding."). In so

doing, the Proposed Protocol will allow a more efficient process by allowing the parties to focus

on only the most relevant material and most significant claims.[8]

III.     **GOSNEY'S ARGUMENTS HAVE ALREADY BEEN CONSIDERED AND REJECTED BY THE ELEVENTH CIRCUIT AND COURTS IN THIS DISTRICT,** ███████████████████████████████████

    Gosney's stated opposition to the Proposed Protocol (*see* Ex. L) is based upon arguments

that are not supported by law or fact, and which already have been raised—and rejected—████

████████████████████████, in other cases in this District considering the issue, and by the

Eleventh Circuit Court of Appeal. In short, Gosney asserts that the Proposed Protocol is *per se*

improper because it provides Filter Team access, and it does not permit Gosney to conduct an

initial privilege review over the subject documents before the Filter Team provides even non-

privileged material to the case team. In ███████████████████ other cases, including

*Stein* (Ex. M), Gosney has argued that his position is premised on the U.S. Court of Appeals for

the Eleventh Circuit's decision in *In re: Sealed Search Warrant and Application for Warrant by*

*Telephone or Other Reliable Electronic Means* ("*Korf*"), 11 F.4th 1235 (11th Cir. 2021).

    Gosney's position, however, has repeatedly been rejected. *See* ██████ M. At bottom, his

argument is fundamentally inconsistent with *Korf*, which recognizes that Government filter teams

are generally permitted to conduct initial privilege reviews, and no authority supports a "*per se*"

bar the use of Filter Teams. *See Korf*, 11 F.4th at 1249–50 (no cases support position "that

government agents should never review documents that are designated by their possessors as

attorney-client or work product privileged until after a court has ruled on the privilege assertion.")

---

[8] Separately, the Government notes the privilege claims to be asserted, or that have been asserted, by the ostensible privilege holders likely implicate the crime-fraud exception. *See In re Grand Jury Investigation*, 842 F.2d 1223, 1226 (11th Cir. 1987) ("The attorney-client privilege does not protect communications made in furtherance of a crime or fraud."). The Government intends to submit separate briefing on this matter at a future point.

(internal citation omitted); *In re Sealed Search Warrant & Application for a Warrant*, No. 20-MJ-03278, 2020 WL 5658721[9] ("*Korf* Dist. Ct. Order"), at *4 (S.D. Fla. Sept. 23, 2020) ("At the outset, the Court rejects the movant's argument that the use of government filter teams to conduct privilege reviews is *per se* legally flawed."); *see also supra* at 6-7 (collecting cases).

Gosney's request for a blanket rule entitling parties to first review search warrant returns before the Government may access them is likewise incompatible with Federal Rule of Criminal Procedure 41. To require otherwise would disrupt the Government's ability to search material whenever there is even a suggestion of privilege—including in ordinary searches of businesses. *See Korf* Dist. Ct. Order at *6 (contrasting that case from ordinary business searches that may contain privileged documents). The Proposed Protocol, on the other hand, provides an objective mechanism tailored to the needs of this case to reasonably and objectively identify and segregate privileged materials.

## CONCLUSION

The Proposed Protocol allows for a fair and efficient discovery and disclosure process while allowing Defendants and other privilege claimants the opportunity to assert valid claims of privilege, while permitting the parties to review asserted privilege claims, narrowing the areas of disagreement, and authorizing the Court to adjudicate the remaining claims pursuant to the Proposed Protocol. For these reasons and those set forth above, the Government respectfully requests that the Court grant the Filter Team's Motion for a Discovery Protocol Governing Disclosure of Materials Subject to Claims of Privilege.

---

[9] *Aff'd sub nom. In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means*, No. 20-03278-MJ, 2020 WL 6689045 (S.D. Fla. Nov. 2, 2020), *aff'd*, No. 20-14223, 2021 WL 3852229 (11th Cir. Aug. 30, 2021).

This the 8th day of April, 2022.

Respectfully submitted,

JOSEPH BEEMSTERBOER, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By:     */s/ Timothy J. Coley*
        TIMOTHY J. COLEY
        Trial Attorney
        United States Department of Justice
        Criminal Division, Fraud Section
        Special Matters Unit
        1400 New York Avenue NW
        Washington, DC 20530
        Tel: (202) 514-0395
        Timothy.J.Coley@usdoj.gov

## LOCAL RULE 88.9 CERTIFICATION

Undersigned counsel conferred via email on March 29 and April 2, 2022, and on April 4,

2022 via telephone, with counsel for Defendants in a good faith effort to resolve the issues raised

in the Motion.  Daniel Carver, Louis Carver, Thomas Dougherty, Galina Rozenberg, Michael

Rozenberg, Ethan Macier, Ashley Cigarroa, Timothy Richardson, and Jose Goyos have stated

through counsel that they do not oppose entry of the Proposed Protocol at Exhibit A.  On April 1,

2022, John Paul Gosney, Jr. stated through counsel that he opposes entry of the Proposed Protocol.

*/s/ Timothy J. Coley*
TIMOTHY J. COLEY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| v. | § § | CASE NO. 22-CR-80022- |
| DANIEL M. CARVER, et al., | § § | CANNON/REINHART |
| Defendant(s). | § § § | |

### ORDER

Pursuant to Federal Rule of Criminal Procedure 16, the Court **GRANTS** the Government's Motion for Entry of a Discovery Protocol Governing the Production of Potentially Protected Material.

**IT IS ORDERED**:

1.      This Discovery Protocol Order (the "Protocol") governs the production of Potentially Protected Material[1] in this case.

2.      The Filter Team shall not share a first-level supervisor with anyone on the investigative/prosecution team (the "Prosecution Team"). Any supervisor involved in the filter team review shall be walled off from the underlying investigation.

3.      The Government's Filter Team shall segregate Potentially Protected Material from the Prosecution Team and Defendant(s) unless the Court or the ostensible holder of the potential privilege(s) or protection(s) authorizes the production of the Potentially Protected Material to the specific recipient.

---

[1] "Potentially Protected Material" is discovery material that is potentially protected from disclosure by the attorney-client privilege, work-product doctrine, or any other legally recognized privilege or protection.

4.     The Filter Team shall produce discovery material that is not Potentially Protected Material to the Prosecution Team and Defendant(s).

5.     If a Defendant is the ostensible holder of the potential privilege(s) or protection(s) or is entitled to access the Potentially Protected Material through a joint-defense agreement ("JDA"), the Filter Team shall produce a full copy of the Potentially Protected Material to the Defendant.[2]

6.     If a Defendant is the ostensible holder of the potential privilege(s) or protection(s), the Filter Team shall notify that Defendant before producing any of the Defendant's Potentially Protected Material to the Prosecution Team or a Co-Defendant who is not entitled to access by virtue of a JDA or other document sharing arrangement using the following procedure:

    a.  <u>Notice</u>:  The written notice to the ostensible holder of the potential privilege(s) or protection(s) shall include:

        i.   An electronic index identifying the Potentially Protected Material scheduled for production;

        ii.  A copy of this Protocol.

    b.  <u>Objections</u>:  If the Defendant who is the ostensible holder of the potential privilege(s) or protection(s) objects to the Filter Team's production of certain items to Co-Defendant(s) or the Prosecution Team, the Defendant must send a written objection to the Filter Team and counsel for Co-Defendant(s) within thirty (30) days of receiving the notice of scheduled production.  The objection shall include a privilege log setting forth, for each item logged:

        i.   The Bates number range for the item;

        ii.  The item title or a description of the item's subject matter;

        iii. The date the item was created;

        iv.  The author(s) of the item;

        v.   The recipient(s) of the item, if any;

---

[2] Unless otherwise noted, dates and times in this Order shall be computed according to Federal Rule of Criminal Procedure 45.

vi.   Transmittal details of the item, if any;

vii.  The party asserting the potential privilege(s) and/or protection(s); and

viii. The legally recognized privilege(s) and/or protection(s) asserted that preclude production of each item logged, including the identity of any attorneys (or other persons) whose role(s) in the item at issue form(s) the basis for the assertion.

c.   <u>Non-Logged Potentially Protected Material</u>:  The Filter Team will produce to the Prosecution Team and Co-Defendant(s) the Potentially Protected Material that the ostensible holder of the potential privilege(s) or protection(s) does not include an objection for on the privilege log without the need for the Court's approval.

d.   <u>Failure to Object or Assert</u>:  If the ostensible holder of the potential privilege(s) or protection(s) fails to adequately object within thirty (30) days of the notice of scheduled production, the Filter Team will provide the Prosecution Team and Co-Defendant(s) with information regarding the Filter Team's attempts to contact the ostensible holder of the potential privilege(s) or protection(s) and the subsequent failure to respond.  Thereafter, the Government or Co-Defendant(s) may forego Subparagraphs (f)–(i) below and move the Court for a finding that the ostensible holder of the potential privilege(s) or protection(s) has waived any privilege(s) and/or protection(s) over the Potentially Protected Material identified in the notice of scheduled production.

e.   <u>Failure to Comply</u>: If the ostensible holder of the potential privilege(s) or protection(s) fails to (i) provide to the Filter Team and Co-Defendant(s) a privilege log that complies with Subparagraph (b) above, or (ii) meet and confer in accordance with Subparagraph (f) below, the Court may determine that such inactions constitute waiver of any privilege(s) and/or protection(s) over the Potentially Protected Material.

f.   <u>Meet and Confer Requirement</u>:  The Filter Team shall have ten (10) days from the receipt of any objection(s) and required privilege log to meet and confer with the ostensible holder of the potential privilege(s) or protection(s) to try and resolve any disagreements concerning the objection(s).  All Defendant(s) shall be given notice of the date and time of the meet and confer and may participate through counsel.

g.   <u>Motion to Compel</u>:  The Filter Team and/or Co-Defendant(s) shall have ten (10) days from the date of the meet and confer to move to compel production of the disputed Potentially Protected Material.  The moving party shall include with its motion a copy of the objection and privilege log, as well as a memorandum containing any factual or legal arguments.  Upon the Court's request, the objecting Defendant shall provide a copy of the disputed Potentially Protected Material to the Court *ex parte* and under seal for *in camera* review.

h. <u>Response</u>: The objecting Defendant shall file a response within ten (10) days of the filing of a motion to compel under this Protocol.

i. <u>Reply</u>: A party moving to compel under this Protocol shall file a reply within five (5) days of the objecting Defendant's response.

7. If a non-party to this case is the ostensible holder of the potential privilege(s) or protection(s) of any Potentially Protected Material, the Filter Team shall notify the non-party before producing their Potentially Protected Material to the Prosecution Team and/or Defendant(s). However, if this notice would jeopardize an ongoing investigation, the Filter Team shall instead seek authorization from the Court on how to produce the Potentially Protected Material to the Defendant(s) and/or the Prosecution Team. Absent the potential to jeopardize an ongoing investigation, the following procedure will apply when the ostensible holder of the potential privilege(s) or protection(s) over any Potentially Protected Material is a non-party:

a. <u>Existence of a JDA</u>: The Filter Team shall produce a non-party's Potentially Protected Material to a Defendant if that Defendant is entitled to access through a JDA or other document sharing arrangement.

b. <u>Notice</u>: The written notice to a non-party shall include:

i. The criminal case number of this proceeding;

ii. An electronic index identifying the Potentially Protected Material scheduled for production;

iii. An electronic copy of the Potentially Protected Material scheduled for production;

iv. A copy of any protective order in this case; and

v. A copy of this Protocol.

c. <u>Objections</u>: If the non-party objects to the Filter Team's production of certain items to Defendant(s) and/or the Prosecution Team, the non-party must send a written objection to the Filter Team and counsel for Defendant(s) within thirty (30) days of receiving the notice of scheduled production. The objection shall include a privilege log setting forth, for each item logged:

    i. The Bates number range for the item;

    ii. The item title or a description of the item's subject matter;

    iii. The date the item was created;

    iv. The author(s) of the item;

    v. The recipient(s) of the item, if any;

    vi. Transmittal details of the item, if any;

    vii. The party asserting the potential privilege(s) and/or protection(s); and

    viii. The legally recognized privilege(s) and/or protection(s) asserted that preclude production of each item logged, including the identity of any attorneys (or other persons) whose role(s) in the item at issue form(s) the basis for the assertion.

d. <u>Non-Logged Potentially Protected Material</u>: The Filter Team will produce to the Prosecution Team and Defendant(s) the Potentially Protected Material that the non-party does not include an objection for on the privilege log without the need for the Court's approval.

e. <u>Failure to Object or Assert</u>: If the non-party fails to adequately object within thirty (30) days of the notice of scheduled production, the Filter Team will provide the Prosecution Team and Defendant(s) with information regarding the Filter Team's attempts to contact the non-party and the subsequent failure to respond. Thereafter, the Government or Defendant(s) may forego Subparagraphs (g)–(j) below and move the Court for a finding that the non-party waived any privilege(s) or protection(s) over the Potentially Protected Material identified in the notice of scheduled production.

f. <u>Failure to Comply</u>: If a non-party fails to (i) provide to the Filter Team and Defendant(s) a privilege log that complies with Subparagraph (c) above, or (ii) meet and confer in accordance with Subparagraph (g) below, the Court may determine that such inactions constitute waiver of any privilege(s) and/or protection(s) over the Potentially Protected Material.

g. <u>Meet and Confer Requirement</u>: The Filter Team shall have ten (10) days from the receipt of any objection(s) and required privilege log to meet and confer with the non-party to try and resolve any disagreements concerning the objection(s). The non-party and Defendant(s) shall be given notice of the date and time of the meet and confer and may participate through counsel.

h. <u>Motion to Compel</u>: The Filter Team and/or Defendant(s) shall have ten (10) days from the date of the meet and confer to move to compel production of the disputed Potentially Protected Material. The moving party shall include with its motion a copy of the non-party's objection and log, as well as a memorandum containing any factual or legal arguments. The moving party must also serve a

copy of the motion and attachments on the non-party. Upon the Court's request, the objecting non-party shall provide a copy of the disputed Potentially Protected Material to the Court *ex parte* and under seal for *in camera* review.

i.  <u>Response</u>: The objecting non-party shall file a response within ten (10) days of the filing of a motion to compel under this Protocol.

j.  <u>Reply</u>: A party moving to compel under this Protocol shall file a reply within five (5) days of the objecting non-party's response. The moving party must also serve a copy of the reply and attachments on the non-party.

8.    An ostensible holder of any potential privilege(s) and/or protection(s) may assert a claim over material previously produced as non-Potentially Protected Material to Defendant(s) and/or the Prosecution Team by providing a written objection to the recipient Defendant(s) and/or the Prosecution Team detailing, with specificity, the impacted documents and basis of the asserted privilege(s) and/or protection(s). The Filter Team will promptly claw back the identified material from the Prosecution Team. Any Defendant who is not also a holder of the privilege(s) and/or protection(s) (or entitled to access by virtue of a JDA or other document sharing arrangement) must promptly return, sequester, or destroy the identified material (and any copies); must not use or disclose the material until the objection is resolved; and must take reasonable steps to retrieve the material if the Defendant disclosed it before receiving the objection. The identified material will then be treated as Potentially Protected Material under Paragraph five (5) or six (6), whichever is applicable.

9.    The Court retains jurisdiction to resolve any dispute or adjudicate any claim of privilege or protection asserted over discovery material produced pursuant to the Protocol, including if, and under what circumstances, a party may use the Potentially Protected Material at trial.

10.    Pursuant to Federal Rule of Evidence 502(d), any Potentially Protected Material produced to the Prosecution Team, Defendant(s), or a non-party under this Protocol or

subsequent order in this proceeding, shall not constitute a waiver or forfeiture of any privilege or protection claim in any other federal or state judicial or administrative proceeding.

11.     All parties have the right to present to the Court any Potentially Protected Material to adjudicate whether the material is indeed privileged, protected, and/or if an exception to any privilege or protection applies, including, but not limited to, the crime-fraud exception or waiver.  Under Federal Rule of Evidence 502(d), a production to determine whether materials are privileged or protected pursuant to this paragraph shall not itself constitute a waiver or forfeiture of any claim of privilege or protection.

12.     If any member of the Prosecution Team inadvertently reviews Potentially Protected Material, the Prosecution Team member shall immediately cease review of the Potentially Protected Material and turn the Potentially Protected Material over to the Filter Team for processing in accordance with this Protocol.  Inadvertent review of Potentially Protected Material shall not automatically disqualify a Prosecution Team member from this matter.

13.     The Parties and non-parties subject to this Protocol may extend its deadlines by written agreement or by requesting the same from the Court upon good cause shown.

14.     The Filter Team shall provide a copy of this Protocol to all non-parties who are known ostensible holders of potential privilege(s) or protection(s) over any Potentially Protected Material within five (5) days of the entry of this Order.

        **ORDERED AND ADJUDGED** in Miami, Florida this ____ day of April 2022.


_____
HONORABLE CECILIA M. ALTONAGA
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT A
*UNDER SEAL*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

v.

DANIEL M. CARVER, et al.,

Defendant(s).

§
§
§
§
§
§
§
§
§
§

CASE NO. 22-CR-80022-
CANNON/REINHART

**(PROPOSED) ORDER**

Pursuant to Federal Rule of Criminal Procedure 16, the Court **GRANTS** the

Government's Motion for Entry of a Discovery Protocol Governing the Production of Potentially

Protected Material.

**IT IS ORDERED**:

1.      This Discovery Protocol Order (the "Protocol") governs the production of

Potentially Protected Material[1] in this case.

2.      The Filter Team shall not share a first-level supervisor with anyone on the

investigative/prosecution team (the "Prosecution Team"). Any supervisor involved in the filter

team review shall be walled off from the underlying investigation.

3.      The Government's Filter Team shall segregate Potentially Protected Material

from the Prosecution Team and Defendant(s) unless the Court or the ostensible holder of the

potential privilege(s) or protection(s) authorizes the production of the Potentially Protected

Material to the specific recipient.

---

[1] "Potentially Protected Material" is discovery material that is potentially protected from disclosure by the
attorney-client privilege, work-product doctrine, or any other legally recognized privilege or protection.

4.      The Filter Team shall produce discovery material that is not Potentially Protected Material to the Prosecution Team and Defendant(s).

5.      If a Defendant is the ostensible holder of the potential privilege(s) or protection(s) or is entitled to access the Potentially Protected Material through a joint-defense agreement ("JDA"), the Filter Team shall produce a full copy of the Potentially Protected Material to the Defendant.[2]

6.      If a Defendant is the ostensible holder of the potential privilege(s) or protection(s), the Filter Team shall notify that Defendant before producing any of the Defendant's Potentially Protected Material to the Prosecution Team or a Co-Defendant who is not entitled to access by virtue of a JDA or other document sharing arrangement using the following procedure:

    a.   <u>Notice</u>:  The written notice to the ostensible holder of the potential privilege(s) or protection(s) shall include:

        i.  An electronic index identifying the Potentially Protected Material scheduled for production;

        ii.  A copy of this Protocol.

    b.   <u>Objections</u>:  If the Defendant who is the ostensible holder of the potential privilege(s) or protection(s) objects to the Filter Team's production of certain items to Co-Defendant(s) or the Prosecution Team, the Defendant must send a written objection to the Filter Team and counsel for Co-Defendant(s) within thirty (30) days of receiving the notice of scheduled production.  The objection shall include a privilege log setting forth, for each item logged:

        i.  The Bates number range for the item;

        ii.  The item title or a description of the item's subject matter;

        iii.  The date the item was created;

        iv.  The author(s) of the item;

        v.  The recipient(s) of the item, if any;

---

[2] Unless otherwise noted, dates and times in this Order shall be computed according to Federal Rule of Criminal Procedure 45.

vi. Transmittal details of the item, if any;

vii. The party asserting the potential privilege(s) and/or protection(s); and

viii. The legally recognized privilege(s) and/or protection(s) asserted that preclude production of each item logged, including the identity of any attorneys (or other persons) whose role(s) in the item at issue form(s) the basis for the assertion.

c. <u>Non-Logged Potentially Protected Material</u>:  The Filter Team will produce to the Prosecution Team and Co-Defendant(s) the Potentially Protected Material that the ostensible holder of the potential privilege(s) or protection(s) does not include an objection for on the privilege log without the need for the Court's approval.

d. <u>Failure to Object or Assert</u>:  If the ostensible holder of the potential privilege(s) or protection(s) fails to adequately object within thirty (30) days of the notice of scheduled production, the Filter Team will provide the Prosecution Team and Co-Defendant(s) with information regarding the Filter Team's attempts to contact the ostensible holder of the potential privilege(s) or protection(s) and the subsequent failure to respond.  Thereafter, the Government or Co-Defendant(s) may forego Subparagraphs (f)–(i) below and move the Court for a finding that the ostensible holder of the potential privilege(s) or protection(s) has waived any privilege(s) and/or protection(s) over the Potentially Protected Material identified in the notice of scheduled production.

e. <u>Failure to Comply</u>: If the ostensible holder of the potential privilege(s) or protection(s) fails to (i) provide to the Filter Team and Co-Defendant(s) a privilege log that complies with Subparagraph (b) above, or (ii) meet and confer in accordance with Subparagraph (f) below, the Court may determine that such inactions constitute waiver of any privilege(s) and/or protection(s) over the Potentially Protected Material.

f. <u>Meet and Confer Requirement</u>:  The Filter Team shall have ten (10) days from the receipt of any objection(s) and required privilege log to meet and confer with the ostensible holder of the potential privilege(s) or protection(s) to try and resolve any disagreements concerning the objection(s).  All Defendant(s) shall be given notice of the date and time of the meet and confer and may participate through counsel.

g. <u>Motion to Compel</u>:  The Filter Team and/or Co-Defendant(s) shall have ten (10) days from the date of the meet and confer to move to compel production of the disputed Potentially Protected Material.  The moving party shall include with its motion a copy of the objection and privilege log, as well as a memorandum containing any factual or legal arguments.  Upon the Court's request, the objecting Defendant shall provide a copy of the disputed Potentially Protected Material to the Court *ex parte* and under seal for *in camera* review.

h. <u>Response</u>: The objecting Defendant shall file a response within ten (10) days of the filing of a motion to compel under this Protocol.

i. <u>Reply</u>: A party moving to compel under this Protocol shall file a reply within five (5) days of the objecting Defendant's response.

7.     If a non-party to this case is the ostensible holder of the potential privilege(s) or protection(s) of any Potentially Protected Material, the Filter Team shall notify the non-party before producing their Potentially Protected Material to the Prosecution Team and/or Defendant(s).  However, if this notice would jeopardize an ongoing investigation, the Filter Team shall instead seek authorization from the Court on how to produce the Potentially Protected Material to the Defendant(s) and/or the Prosecution Team.  Absent the potential to jeopardize an ongoing investigation, the following procedure will apply when the ostensible holder of the potential privilege(s) or protection(s) over any Potentially Protected Material is a non-party:

a. <u>Existence of a JDA</u>: The Filter Team shall produce a non-party's Potentially Protected Material to a Defendant if that Defendant is entitled to access through a JDA or other document sharing arrangement.

b. <u>Notice</u>:  The written notice to a non-party shall include:

   i. The criminal case number of this proceeding;

   ii. An electronic index identifying the Potentially Protected Material scheduled for production;

   iii. An electronic copy of the Potentially Protected Material scheduled for production;

   iv. A copy of any protective order in this case; and

   v. A copy of this Protocol.

c. <u>Objections</u>:  If the non-party objects to the Filter Team's production of certain items to Defendant(s) and/or the Prosecution Team, the non-party must send a written objection to the Filter Team and counsel for Defendant(s) within thirty (30) days of receiving the notice of scheduled production.  The objection shall include a privilege log setting forth, for each item logged:

      i. The Bates number range for the item;

      ii. The item title or a description of the item's subject matter;

      iii. The date the item was created;

      iv. The author(s) of the item;

      v. The recipient(s) of the item, if any;

      vi. Transmittal details of the item, if any;

      vii. The party asserting the potential privilege(s) and/or protection(s); and

      viii. The legally recognized privilege(s) and/or protection(s) asserted that preclude production of each item logged, including the identity of any attorneys (or other persons) whose role(s) in the item at issue form(s) the basis for the assertion.

d. <u>Non-Logged Potentially Protected Material</u>: The Filter Team will produce to the Prosecution Team and Defendant(s) the Potentially Protected Material that the non-party does not include an objection for on the privilege log without the need for the Court's approval.

e. <u>Failure to Object or Assert</u>: If the non-party fails to adequately object within thirty (30) days of the notice of scheduled production, the Filter Team will provide the Prosecution Team and Defendant(s) with information regarding the Filter Team's attempts to contact the non-party and the subsequent failure to respond. Thereafter, the Government or Defendant(s) may forego Subparagraphs (g)–(j) below and move the Court for a finding that the non-party waived any privilege(s) or protection(s) over the Potentially Protected Material identified in the notice of scheduled production.

f. <u>Failure to Comply</u>: If a non-party fails to (i) provide to the Filter Team and Defendant(s) a privilege log that complies with Subparagraph (c) above, or (ii) meet and confer in accordance with Subparagraph (g) below, the Court may determine that such inactions constitute waiver of any privilege(s) and/or protection(s) over the Potentially Protected Material.

g. <u>Meet and Confer Requirement</u>: The Filter Team shall have ten (10) days from the receipt of any objection(s) and required privilege log to meet and confer with the non-party to try and resolve any disagreements concerning the objection(s). The non-party and Defendant(s) shall be given notice of the date and time of the meet and confer and may participate through counsel.

h. <u>Motion to Compel</u>: The Filter Team and/or Defendant(s) shall have ten (10) days from the date of the meet and confer to move to compel production of the disputed Potentially Protected Material. The moving party shall include with its motion a copy of the non-party's objection and log, as well as a memorandum containing any factual or legal arguments. The moving party must also serve a

copy of the motion and attachments on the non-party. Upon the Court's request, the objecting non-party shall provide a copy of the disputed Potentially Protected Material to the Court *ex parte* and under seal for *in camera* review.

i. <u>Response</u>: The objecting non-party shall file a response within ten (10) days of the filing of a motion to compel under this Protocol.

j. <u>Reply</u>: A party moving to compel under this Protocol shall file a reply within five (5) days of the objecting non-party's response. The moving party must also serve a copy of the reply and attachments on the non-party.

8. An ostensible holder of any potential privilege(s) and/or protection(s) may assert a claim over material previously produced as non-Potentially Protected Material to Defendant(s) and/or the Prosecution Team by providing a written objection to the recipient Defendant(s) and/or the Prosecution Team detailing, with specificity, the impacted documents and basis of the asserted privilege(s) and/or protection(s). The Filter Team will promptly claw back the identified material from the Prosecution Team. Any Defendant who is not also a holder of the privilege(s) and/or protection(s) (or entitled to access by virtue of a JDA or other document sharing arrangement) must promptly return, sequester, or destroy the identified material (and any copies); must not use or disclose the material until the objection is resolved; and must take reasonable steps to retrieve the material if the Defendant disclosed it before receiving the objection. The identified material will then be treated as Potentially Protected Material under Paragraph five (5) or six (6), whichever is applicable.

9. The Court retains jurisdiction to resolve any dispute or adjudicate any claim of privilege or protection asserted over discovery material produced pursuant to the Protocol, including if, and under what circumstances, a party may use the Potentially Protected Material at trial.

10. Pursuant to Federal Rule of Evidence 502(d), any Potentially Protected Material produced to the Prosecution Team, Defendant(s), or a non-party under this Protocol or

subsequent order in this proceeding, shall not constitute a waiver or forfeiture of any privilege or protection claim in any other federal or state judicial or administrative proceeding.

11.     All parties have the right to present to the Court any Potentially Protected Material to adjudicate whether the material is indeed privileged, protected, and/or if an exception to any privilege or protection applies, including, but not limited to, the crime-fraud exception or waiver.  Under Federal Rule of Evidence 502(d), a production to determine whether materials are privileged or protected pursuant to this paragraph shall not itself constitute a waiver or forfeiture of any claim of privilege or protection.

12.     If any member of the Prosecution Team inadvertently reviews Potentially Protected Material, the Prosecution Team member shall immediately cease review of the Potentially Protected Material and turn the Potentially Protected Material over to the Filter Team for processing in accordance with this Protocol.  Inadvertent review of Potentially Protected Material shall not automatically disqualify a Prosecution Team member from this matter.

13.     The Parties and non-parties subject to this Protocol may extend its deadlines by written agreement or by requesting the same from the Court upon good cause shown.

14.     The Filter Team shall provide a copy of this Protocol to all non-parties who are known ostensible holders of potential privilege(s) or protection(s) over any Potentially Protected Material within five (5) days of the entry of this Order.

        **SO ORDERED.**


_____
Date

                                    _____
                                    The Honorable _____

Case 9:22-cr-80022-AMC Document 358-7 Entered on FLSD Docket 10/13/2022 Page 27 of 170
Case 9:22-cr-80022-AMC Document 357 Entered on FLSD Docket 10/13/2022 Page 27 of 170
Page 9 of 152

# EXHIBIT B
# *UNDER SEAL*

# Department of Health and Human Services

# OFFICE OF INSPECTOR GENERAL
## OFFICE OF INVESTIGATIONS

## Miami Regional Office (MRO)
## Inventory Report

**DATE PRINTED:** 7/14/2021

**Case Agent:** Tony Senat

| | |
|---|---|
| **IRIS Case #:** | |
| **Item ID:** 9162-3 | |
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| **Room #:** | J-28 |
| **Description:** | A note from Rosetta Wise re: Ketia Joseph, Apartment lease document: Ketia Joseph / (561) 672-5976 reminisce06@live.com / Apt 143, 5373 Cedar Lake Rd, Boynton Beach, FL 33437 |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** | |
| **Item ID:** 9162-4 | |
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Highway  Ste 417 Boca Raton FL 33432 |
| **Room #:** | J 23 |
| **Description:** | Dr. Verification Check List
Doctor Chase Training Manuals (Loriane Osorio)
Cardio script
Bonus sheet/Gentec Solutions -
Dr. Chase bonus
All doctors check in episode "Pecos"Real time search sheet (login info), Gentec Solutions Manual |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** | |
| **Item ID:** 9162-5 | |
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Highway  Ste 417 Boca Raton FL 33432 |
| **Room #:** | J 9 |
| **Description:** | Patient Lab req. Training Manual, Fedex Env; list of names and phone numbers |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** | |
| **Item ID:** 9162-6 | |
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| **Room #:** | J17 |
| **Description:** | Calling Instructions, E-Mail Infor, Fax Forms |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** | |
| **Item ID:** 9162-7 | |
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| **Room #:** | S11 |
| **Description:** | Sales Scripts, Rebuttals, Training manuals, Sales Disclosure |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▮▮▮▮ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-8 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | J18 |
| | **Description:** | Patient Info Sheet, Faxes, Doctor Communications |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▮▮▮▮ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-9 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | J16 |
| | **Description:** | Handwritten Notes, Patient Forms, Genetic Dept. Phone Numbers |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▮▮▮▮ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-10 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | J 27 |
| | **Description:** | Document:  Call Dr. Office/Lab Results |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▮▮▮▮ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-11 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | S4 |
| | **Description:** | Script |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▮▮▮▮ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-12 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | W |
| | **Description:** | (1) Yellow Legal PAD with names |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▮▮▮▮ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-13 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | J 6 |
| | **Description:** | Username & Passwords; Genetic Lab States; Cardiac Sales disclosure |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▮▮▮▮ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-14 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | J7 |
| | **Description:** | Employee Ext. List, Genetic Solutions Folder |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

**IRIS Case #:** ▓▓▓▓▓
**Item ID:** 9162-15

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| **Room #:** | J8 |
| **Description:** | Extension List, Rebuttal Form, Phone Numbers, Bonus Information |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

---

**IRIS Case #:** ▓▓▓▓▓
**Item ID:** 9162-16

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| **Room #:** | J 30 |
| **Description:** | Agent bonus info; notebook w/PWs + contacts, Gentec list of labs |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

---

**IRIS Case #:** ▓▓▓▓▓
**Item ID:** 9162-17

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| **Room #:** | J24 |
| **Description:** | Doctor Verification Forms, Check Lists, etc. |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

---

**IRIS Case #:** ▓▓▓▓▓
**Item ID:** 9162-18

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| **Room #:** | S36 |
| **Description:** | Line Transfer Scripts, State List, Employee Notes |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

---

**IRIS Case #:** ▓▓▓▓▓
**Item ID:** 9162-19

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| **Room #:** | S 32 |
| **Description:** | Rebuttals Sheet; note pad |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

---

**IRIS Case #:** ▓▓▓▓▓
**Item ID:** 9162-20

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| **Room #:** | S43 |
| **Description:** | Rebuttal Sheet, Live Transfer Script |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

---

**IRIS Case #:** ▓▓▓▓▓
**Item ID:** 9162-21

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| **Room #:** | S 13 |
| **Description:** | Cardiac Sales Script, script, rebuttals, high blood pressure med; cardiac sales disclosure |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

| **IRIS Case #:** ▮▮▮▮▮▮ | **Date Received:** | 07/14/2021 |
|---|---|---|
| **Item ID:** 9162-22 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | S8 |
| | **Description:** | "Cardiac sales disclosure" script; "new cardiac sales report" script |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| **IRIS Case #:** ▮▮▮▮▮▮ | **Date Received:** | 07/14/2021 |
|---|---|---|
| **Item ID:** 9162-23 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | J 13 |
| | **Description:** | Fax re: Pt testing; notepads w/names/phone instructions; call notes, intake forms |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| **IRIS Case #:** ▮▮▮▮▮▮ | **Date Received:** | 07/14/2021 |
|---|---|---|
| **Item ID:** 9162-24 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | S40 |
| | **Description:** | Sales Disclosure Script |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| **IRIS Case #:** ▮▮▮▮▮▮ | **Date Received:** | 07/14/2021 |
|---|---|---|
| **Item ID:** 9162-25 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | J21 |
| | **Description:** | Blue Folder Training Materials |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| **IRIS Case #:** ▮▮▮▮▮▮ | **Date Received:** | 07/14/2021 |
|---|---|---|
| **Item ID:** 9162-26 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | S 6 |
| | **Description:** | Sales Scripts; notepad re: money & deals, handwritten note ref: money |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| **IRIS Case #:** ▮▮▮▮▮▮ | **Date Received:** | 07/14/2021 |
|---|---|---|
| **Item ID:** 9162-27 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | S39 |
| | **Description:** | Password, Password Sheet |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| **IRIS Case #:** ▮▮▮▮▮▮ | **Date Received:** | 07/14/2021 |
|---|---|---|
| **Item ID:** 9162-28 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | J-12 |
| | **Description:** | Agent bonus; Dr. Chase Team contact list; Tesis/Claro Lab States |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ███████ | |
| **Item ID:** 9162-29 | |
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| **Room #:** | S-7 |
| **Description:** | Cardiac sales script; Medicare doc; rebuttals; testing process |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ███████ | |
| **Item ID:** 9162-30 | |
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| **Room #:** | S18 |
| **Description:** | Sale Script, Sale Disclosure, Rebuttals, Training Materials |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ███████ | |
| **Item ID:** 9162-31 | |
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| **Room #:** | S17 |
| **Description:** | Notepad with patient names |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ███████ | |
| **Item ID:** 9162-32 | |
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| **Room #:** | S35 |
| **Description:** | Notepad with callback records |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ███████ | |
| **Item ID:** 9162-33 | |
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| **Room #:** | J-5 |
| **Description:** | Lab State Selection; Dr. Verification, checklist, Dr. Verification requirements; bonus sheets |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ███████ | |
| **Item ID:** 9162-34 | |
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| **Room #:** | S-54 |
| **Description:** | Live Transfer agents sheet; claro states |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ███████ | |
| **Item ID:** 9162-35 | |
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| **Room #:** | J34 |
| **Description:** | Patient Info Docs |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▇▇▇▇ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-36 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | J- 20 |
| | **Description:** | Check list; username & passwords; lab change on order; Claro Labs States |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▇▇▇▇ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-37 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | S12 |
| | **Description:** | Progenix req. forms; Genetic packets |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▇▇▇▇ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-38 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | J- 11 |
| | **Description:** | Bonus Sheet; name & Ext. Sheet; Genetic Solution Lab State |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▇▇▇▇ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-39 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | J- 3 |
| | **Description:** | Employee List; Lab States; Manual; Username/Password; Dr. Chase Team Sheet |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▇▇▇▇ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-40 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | S24 |
| | **Description:** | Rebuttals, Insurance Notes, Sales Script, Sticky Notes |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▇▇▇▇ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-41 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | J14 |
| | **Description:** | Training manual; Fax to Dr. office |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▇▇▇▇ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-42 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | J- 25 |
| | **Description:** | Phone Instructions, List of names / user ID. Dr. verification checklists; lab states list; Chase Program |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▮ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-43 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | S3 |
| | **Description:** | Notice of intent; cardiomyopathy auto qualification |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▮ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-44 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | S - 19 |
| | **Description:** | New Cardiac Sales Script; cardiac sales disclosure; Rebuttals page |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▮ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-45 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | S1 |
| | **Description:** | Sales Script, Sales Disclosure, Rebuttals, Process Info Sheet |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▮ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-46 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | J - 36 |
| | **Description:** | ADP earnings, statement; cardiovascular test req. Forms, Centec Solutions Fax Covers |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▮ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-47 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | J37 |
| | **Description:** | Financial Statements, Misc. Forms, Fax Transmissions, Note Pad, Sticky Note |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▮ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-48 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | S-30 |
| | **Description:** | Live Transfer Scripts; Bad State List |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▮ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-49 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | S-16 |
| | **Description:** | Notepad w/names & numbers |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ▮ | **Date Received:** 07/14/2021 |
| **Item ID:** 9162-50 | **Source Obtained From:** DMC Group Holding LLC |
| | **Site #:** |
| | **Site Address:** 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** S28 |
| | **Description:** Notes w/ names & email |
| | **OI Item #:** |
| | **Status:** **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ▮ | **Date Received:** 07/14/2021 |
| **Item ID:** 9162-51 | **Source Obtained From:** DMC Group Holding LLC |
| | **Site #:** |
| | **Site Address:** 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** J-35 |
| | **Description:** Contact info; Gentec Fax Page; Claro Labs States; Lucio Oro Folder; Cardiomyopathy, Panel of Genes, Gene Dx Test Info. |
| | **OI Item #:** |
| | **Status:** **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ▮ | **Date Received:** 07/14/2021 |
| **Item ID:** 9162-52 | **Source Obtained From:** DMC Group Holding LLC |
| | **Site #:** |
| | **Site Address:** 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** J-25 |
| | **Description:** Tesis Labs req. form:  Cardiomyapathy auto qualification form; contact info; Bad State List; Tax info; Acct #s |
| | **OI Item #:** |
| | **Status:** **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ▮ | **Date Received:** 07/14/2021 |
| **Item ID:** 9162-53 | **Source Obtained From:** DMC Group Holding LLC |
| | **Site #:** |
| | **Site Address:** 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** J-21 |
| | **Description:** Docs re:  kit chase |
| | **OI Item #:** |
| | **Status:** **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ▮ | **Date Received:** 07/14/2021 |
| **Item ID:** 9162-54 | **Source Obtained From:** DMC Group Holding LLC |
| | **Site #:** |
| | **Site Address:** 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** J-38 |
| | **Description:** Patient Notes; Requisition orders; Training Manuals; Call Scripts; Phone Lists |
| | **OI Item #:** |
| | **Status:** **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ▮ | **Date Received:** 07/14/2021 |
| **Item ID:** 9162-55 | **Source Obtained From:** DMC Group Holding LLC |
| | **Site #:** |
| | **Site Address:** 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** U |
| | **Description:** Bank Docs; notes/ledger; emails; PWs; Invoices; tax docs; purchase order |
| | **OI Item #:** |
| | **Status:** **IN:** Miami Regional Office (MRO) |

**IRIS Case #:** ██████████
**Item ID:** 9162-56

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| **Room #:** | V |
| **Description:** | Financial/Payroll/Tax Docs; Proc Codes; Medicare Aps; Patient names; Lab Certs |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

---

**IRIS Case #:** ██████████
**Item ID:** 9162-57

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| **Room #:** | S-51 |
| **Description:** | Procedure for Saliva Sample Collection, specimen kit |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

---

**IRIS Case #:** ██████████
**Item ID:** 9162-58

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| **Room #:** | J-15 |
| **Description:** | Post-It notes, call scripts, Progenix Patient Information |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

---

**IRIS Case #:** ██████████
**Item ID:** 9162-59

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| **Room #:** | F |
| **Description:** | Test Results, Blank Forms, Doctor Notes Folder, DME Company List |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

---

**IRIS Case #:** ██████████
**Item ID:** 9162-60

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| **Room #:** | S-26 |
| **Description:** | Phone Script Docs; go-by notes |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

---

**IRIS Case #:** ██████████
**Item ID:** 9162-61

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| **Room #:** | N |
| **Description:** | Financial Records, Handwritten Notes; Misc Records |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

---

**IRIS Case #:** ██████████
**Item ID:** 9162-62

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| **Room #:** | S10 |
| **Description:** | Sales Disclosure, Rebuttals, Handwritten Notes |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ▮▮▮▮▮▮▮ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-63 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | | Room #: | N |
| | | Description: | Management Services Agreement, Banking Instructions, Wire Transfer |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ▮▮▮▮▮▮▮ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-64 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | S-31 |
| | | Description: | Script/Rebuttals; Genetic Test Process; bank info; patient chart; notepad |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ▮▮▮▮▮▮▮ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-65 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | | Room #: | S5 |
| | | Description: | Rebuttals |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ▮▮▮▮▮▮▮ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-66 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | S-42 |
| | | Description: | Live Transfer "script, live transfer call back "script" |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ▮▮▮▮▮▮▮ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-67 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | S-15 |
| | | Description: | Handwritten notes; end of call script |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ▮▮▮▮▮▮▮ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-68 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | S-41 |
| | | Description: | Call Scripts; cardiac sales disclosure; handwritten notes |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ▮▮▮▮▮▮▮ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-69 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | | Room #: | N |
| | | Description: | Wire Transfers, Lease Docs, Corporate Records, Other Records |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-70 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | S-48 |
| | | Description: | Benefits of genetic testing w/notes; kit Chase notes |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-71 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | | Room #: | N |
| | | Description: | Financial Transactions, Accounting Records, Bank Records |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-72 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | J-4 |
| | | Description: | Fax Transmissions, Call List, Doctor Chase Team List |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-73 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | | Room #: | N |
| | | Description: | MDA Consumers Checkbook, Wire Transfer Receipts |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-74 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | S-37 |
| | | Description: | Sales Script; Call Instructions; Dr & Patient names; Gentec Pamplet |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-75 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | S-53 |
| | | Description: | Tax Records, Notes on Notebook Paper, Risk Assessment Test |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-76 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | S-33 |
| | | Description: | Bad State List; Notepad w/names, DOBs, Dr. & Medicare # |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-77 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | | Room #: | J10 |
| | | Description: | Misc. Handwritten Notes, Spiral Journal, Misc. Scripts, Directories, Requisition Forms |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-78 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | N |
| | | Description: | Financials, LLC Reinstatement, Notebooks, Red Folder with Docs |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-79 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | | Room #: | J2 |
| | | Description: | Doctor Chase Training Manuals |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-80 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | J |
| | | Description: | Money Wheel |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-81 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | V |
| | | Description: | Multiple binders "shipping, management, old employees, employee forms, other financial records" |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-82 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | S-22 |
| | | Description: | Notepads w/handwritten notes |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-83 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | S-34 |
| | | Description: | Note pads w/patient info |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-84 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | S-9 |
| | | Description: | Sales, Scripts & Disclosures & Rebuttals, Cardio auto qualification; names/phone #s |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-85 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | I |
| | | Description: | Contents of shred bin, contact lists, bonus programs, training manuals |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-86 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | J-29 |
| | | Description: | Gentec orders, usernames, training manuals; notes, faxes, requisitions, & other docs |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-87 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | T |
| | | Description: | Training Manuals, Management Notes, Billing Info, State Info, Diagnosis Guidelines, Testing Regs |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-88 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | P |
| | | Description: | Misc. Bank Records, Post-It Notes, Lease Applications, Misc. Billing Notes |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-89 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | V |
| | | Description: | Multiple white binders; Dr. Chase Binders; Blue Spiral Notebook |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: | ███████ | Date Received: | 07/14/2021 |
|---|---|---|---|
| Item ID: | 9162-90 | Source Obtained From: | DMC Group Holding LLC |
| | | Site #: | |
| | | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | | Room #: | K |
| | | Description: | Progenix Medical Orders; Swab Kits for Lab Services |
| | | OI Item #: | |
| | | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: ▮▮▮▮ | Date Received: | 07/14/2021 |
|---|---|---|
| Item ID: 9162-91 | Source Obtained From: | DMC Group Holding LLC |
| | Site #: | |
| | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | Room #: | K |
| | Description: | From Shane Glenn Desk; Notes and Requisition Forms |
| | OI Item #: | |
| | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: ▮▮▮▮ | Date Received: | 07/14/2021 |
|---|---|---|
| Item ID: 9162-92 | Source Obtained From: | DMC Group Holding LLC |
| | Site #: | |
| | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | Room #: | H |
| | Description: | Patient Records; CMS records |
| | OI Item #: | |
| | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: ▮▮▮▮ | Date Received: | 07/14/2021 |
|---|---|---|
| Item ID: 9162-93 | Source Obtained From: | DMC Group Holding LLC |
| | Site #: | |
| | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | Room #: | |
| | Description: | OI WD Hard Drive - S/N WMC5C0D8C4T0 contains image of S1-CarverIPhone01 |
| | OI Item #: | |
| | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: ▮▮▮▮ | Date Received: | 07/14/2021 |
|---|---|---|
| Item ID: 9162-94 | Source Obtained From: | DMC Group Holding LLC |
| | Site #: | |
| | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | Room #: | H |
| | Description: | Cergena Labs License; Accugene Certificate of registration |
| | OI Item #: | |
| | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: ▮▮▮▮ | Date Received: | 07/14/2021 |
|---|---|---|
| Item ID: 9162-95 | Source Obtained From: | DMC Group Holding LLC |
| | Site #: | |
| | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | Room #: | I |
| | Description: | Fax Call Script, Lab State Form, Doctor Chase Training, Password Info, Fax Docs |
| | OI Item #: | |
| | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: ▮▮▮▮ | Date Received: | 07/14/2021 |
|---|---|---|
| Item ID: 9162-96 | Source Obtained From: | DMC Group Holding LLC |
| | Site #: | |
| | Site Address: | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | Room #: | |
| | Description: | iPhone 12 Pro Max - Carveri S/N: F2LFM05N0D4C |
| | OI Item #: | |
| | Status: | **IN:** Miami Regional Office (MRO) |

| IRIS Case #: ▮▮▮▮ | Date Received: | 07/14/2021 |
|---|---|---|
| Item ID: 9162-97 | Source Obtained From: | DMC Group Holding LLC |
| | Site #: | |
| | Site Address: | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | Room #: | K |
| | Description: | Accugene, Cergena, and Progenix patient orders; cardiac sales script; email passwords; Gentec Teams |
| | OI Item #: | |
| | Status: | **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ▆▆▆▆ | **Date Received:** 07/14/2021 |
| **Item ID:** 9162-98 | **Source Obtained From:** DMC Group Holding LLC |
| | **Site #:** |
| | **Site Address:** 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** |
| | **Description:** HP Pavilion Laptop S/N: 5CG02074LX |
| | **OI Item #:** |
| | **Status:** **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ▆▆▆▆ | **Date Received:** 07/14/2021 |
| **Item ID:** 9162-99 | **Source Obtained From:** DMC Group Holding LLC |
| | **Site #:** |
| | **Site Address:** 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** |
| | **Description:** HP Desktop ProDesk 600 S/N: MXL6010GBB - S1RHD1 |
| | **OI Item #:** |
| | **Status:** **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ▆▆▆▆ | **Date Received:** 07/14/2021 |
| **Item ID:** 9162-100 | **Source Obtained From:** DMC Group Holding LLC |
| | **Site #:** |
| | **Site Address:** 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** I |
| | **Description:** One white binder with scripts and policies; test results, amended contract, Concord Services, WMG Files, Dr Chase Management; Genetic Counselor, |
| | **OI Item #:** |
| | **Status:** **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ▆▆▆▆ | **Date Received:** 07/14/2021 |
| **Item ID:** 9162-101 | **Source Obtained From:** DMC Group Holding LLC |
| | **Site #:** |
| | **Site Address:** 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** |
| | **Description:** HP Desktop ProDesk 600 S/N: MXL6010GDG, S1RKD1 |
| | **OI Item #:** |
| | **Status:** **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ▆▆▆▆ | **Date Received:** 07/14/2021 |
| **Item ID:** 9162-102 | **Source Obtained From:** DMC Group Holding LLC |
| | **Site #:** |
| | **Site Address:** 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** L |
| | **Description:** Progenix Patient Orders |
| | **OI Item #:** |
| | **Status:** **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ▆▆▆▆ | **Date Received:** 07/14/2021 |
| **Item ID:** 9162-103 | **Source Obtained From:** DMC Group Holding LLC |
| | **Site #:** |
| | **Site Address:** 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** |
| | **Description:** Dell Desktop S/N: JB32182, S1RVD1 |
| | **OI Item #:** |
| | **Status:** **IN:** Miami Regional Office (MRO) |

| | |
|---|---|
| **IRIS Case #:** ▆▆▆▆ | **Date Received:** 07/14/2021 |
| **Item ID:** 9162-104 | **Source Obtained From:** DMC Group Holding LLC |
| | **Site #:** |
| | **Site Address:** 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** K |
| | **Description:** Claro Labs Docs - Shipping Forms, bene names, lab issues, contact info, scrubbing process, Flugent Forms |
| | **OI Item #:** |
| | **Status:** **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▉ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-105 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | |
| | **Description:** | Apple Laptop S/N: CPWLRS26DTY3, S1RNL2 |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▉ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-106 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | N |
| | **Description:** | (3) manila folders for NERO, One Binder, JP Personal Binder, Chase Binder, Nero Med Tech Binder |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▉ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-107 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | |
| | **Description:** | Apple Laptop S/N: C02YG0Z5JG5J, S1RNL1 |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▉ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-108 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | |
| | **Description:** | HP Desktop S/N: 2MO0392FMS, S1RJ3D1 |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▉ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-109 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | |
| | **Description:** | Dell Desktop S/N: DNN9NS1, S1RND1 |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▉ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-110 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| | **Room #:** | |
| | **Description:** | HP Desktop (Hard Drive) S/N: 2UA4391797, S1RND2 |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

| | | |
|---|---|---|
| **IRIS Case #:** ▉ | **Date Received:** | 07/14/2021 |
| **Item ID:** 9162-111 | **Source Obtained From:** | DMC Group Holding LLC |
| | **Site #:** | |
| | **Site Address:** | 1200 Federal Highway #417 Boca Raton FL 33432 |
| | **Room #:** | N |
| | **Description:** | Apple Laptop S/N: C02FV5ZWMD6R |
| | **OI Item #:** | |
| | **Status:** | **IN:** Miami Regional Office (MRO) |

**IRIS Case #:** ▮▮▮▮▮▮▮
**Item ID:** 9162-112

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| **Room #:** | N |
| **Description:** | Pre-Employment Verification, Bank Records, Sticky Notes, Username/Password Info |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

---

**IRIS Case #:** ▮▮▮▮▮▮▮
**Item ID:** 9162-113

| | |
|---|---|
| **Date Received:** | 07/14/2021 |
| **Source Obtained From:** | DMC Group Holding LLC |
| **Site #:** | |
| **Site Address:** | 1200 Federal Hwy, #417 Boca Raton Florida 33432 |
| **Room #:** | Multiple |
| **Description:** | FILTER MATERIAL (FOR FILTER TEAM) |
| **OI Item #:** | |
| **Status:** | **IN:** Miami Regional Office (MRO) |

---

SIGNATURE: _____   DATE: _____

# EXHIBIT C
*UNDER SEAL*

## ATTACHMENT G

*SEARCH PROCEDURES FOR HANDLING POTENTIALLY PRIVILEGED INFORMATION*

1.      The following procedures will be followed at the time of the search of the **TARGET LOCATION** in order to avoid unnecessary disclosures of privileged information.

2.      These procedures will be executed by: (a) law enforcement personnel conducting the investigation and search and other individuals assisting law enforcement personnel in the search, including any prosecutor participating in the investigation (the "Search Team") (b) individual(s) not participating in the investigation of the matter, who will be available to assist in the event that a procedure involving potentially privileged information is required (the "Privilege Review Team"); and (c) the Special Matters Unit ("SMU") of the Criminal Division, Fraud Section.  SMU attorneys and support staff are not and will not become part of the prosecution team, and have a separate reporting chain from the prosecution team.

3.      The Search Team will conduct a review of documents to determine whether or not they fall within the scope of the warrant.  If, during this review, a Search Team member determines that a document appears to contain potentially privileged information, the Search Team member will discontinue review of the document and will notify a member of the Privilege Review Team.

4.      In consultation with the SMU, if appropriate, a member of the Privilege Review Team will then review any document identified as appearing to contain potentially privileged information to confirm that it contains potentially privileged information.  If it does not, it may be returned to the Search Team member.  If a member of the Privilege Review Team confirms that a document contains potentially privileged information, then the member will review only as much of the document as is necessary to determine whether or not the document is within the scope of the warrant.  Those documents which contain potentially privileged information but are not within

the scope of the warrant will be set aside and will not be subject to further review or seizure absent subsequent court authorization.   Those documents which contain potentially privileged information and are within the scope of the warrant will be seized and sealed together in an enclosure, the outer portion of which will be marked as containing potentially privileged information, and provided to the SMU, along with information concerning the location where potentially privileged information was seized.  Notwithstanding the procedures set forth in this paragraph, where a Search Team member otherwise reviews documents not previously determined to contain potentially privileged information, and later determines that such documents may be potentially privileged, the documents will then be provided to a Privilege Review Team member and handled in accordance with the procedures described in this paragraph.

5.      An SMU attorney may review the seized documents containing potentially privileged information.  If the SMU attorney determines that a document does not contain potentially privileged information, the document may be returned to the Search Team.  If the SMU attorney determines that documents are potentially privileged, the SMU attorney may do any of the following: (a) apply *ex parte* to the court for a determination whether or not the documents contain privileged information; (b) defer seeking court intervention and instead segregate the documents in a manner that makes them inaccessible to the search team; or (c) disclose the documents to the potential privilege holder, request a privilege log if the potential privilege holder asserts privilege, and seek a ruling from the court regarding the documents if the parties cannot reach agreement.

Digital Evidence

6.      In consultation with the SMU, if appropriate, the Search Team will search for digital devices capable of being used to facilitate the subject offenses or capable of containing

2

data falling within the scope of the items to be seized. Digital devices reasonably considered to contain potentially privileged information will be transferred to the SMU. Upon receipt of electronic data, the SMU will review the identified digital devices as set forth herein for potentially privileged information.

7.      The Search Team will, in their discretion, either copy the digital device(s) on-site or seize and copy such device(s), and transport the device(s) to an appropriate law enforcement laboratory or similar facility to be copied at that location, or provide the material directly to the SMU.

8.      The SMU, in consultation with the Search Team, will compile a list of "privilege search terms" to be used to electronically search the digital devices, including specific names and generic words intended to identify potentially privileged information. The SMU will conduct an electronic review of the data on the digital devices using the privilege search terms, and by using search protocols specifically chosen to identify and segregate documents or data containing potentially privileged information. All of the data contained in each digital device capable of containing any of the items to be seized may be reviewed using this procedure. Documents or data that are identified by this review as not potentially privileged, including documents that do not contain the privilege search terms, may be released to the Search Team without court intervention. Notwithstanding the procedures set forth in this paragraph, where a Search Team member otherwise reviews documents not previously determined to contain potentially privileged information, and later determines that such documents may be potentially privileged, the documents will then be provided to a Privilege Review Team member and handled in accordance with the procedures described in this paragraph.

3

9.      Documents or data identified during the initial privilege search terms review to be potentially privileged will be segregated.  An SMU attorney may thereafter review the segregated documents to confirm whether or not they contain potentially privileged information.  If the SMU attorney determines the documents or data are not potentially privileged, they may be given to the Search Team.  If at any point the Search Team identified any data or documents that they believe to be potentially privileged, they will cease the review and refer the materials to the SMU for further review by the SMU.  If the SMU attorney determines that documents are potentially privileged, the SMU attorney may do any of the following: (a) apply *ex parte* to the court for a determination whether or not the documents contain privileged information; (b) defer seeking court intervention and instead segregate the documents in a manner that makes them inaccessible to the search team; or (c) disclose the documents to the potential privilege holder, request a privilege log if the potential privilege holder asserts privilege, and seek a ruling from the court regarding the documents if the parties cannot reach agreement.

10.     In performing the reviews, both the SMU and the Search Team may search for and attempt to recover:

a.      deleted, "hidden," or encrypted data;

b.      Records and information indicating the identity and location (both past and present) of the person(s) who use or access the Subject Accounts or who exercise in any way any dominion or control over the accounts, including but not limited to associated email accounts and other internet-based accounts, login Internet Protocol ("IP") addresses, and session times and durations

c.      use tools to exclude normal operating system files and standard third-party software that do not need to be searched; and

4

d.      use forensic examination and searching tools, such as Relativity, Cellebrite, EnCase and FTK (Forensic Tool Kit).

11.      If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and/or delete or destroy all forensic copies thereof.  If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

12.      If the search determines that a digital device is (a) itself an item to be seized and/or (b) contains data falling within the list of other items to be seized, the government may retain forensic copies of the digital device but may not access data falling outside the scope of the other items to be seized absent further court order or written consent of the property owner.

13.      In order to search for data capable of being read or interpreted by a digital device, and obtain all information authorized to be seized in Paragraph 1 above, the Search Team is authorized to seize the following items:

a.      Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

b.      Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

c.      Any magnetic, electronic, or optical storage device capable of storing digital data;

d.      Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

5

e.      Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

f.      Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

g.      Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

# EXHIBIT D

*UNDER SEAL*

## ATTACHMENT H

*SEARCH PROCEDURES FOR HANDLING POTENTIALLY PRIVILEGED INFORMATION*

1.    The following procedures will be followed at the time of the search **TARGET DEVICE** in order to avoid unnecessary disclosures of privileged information.

2.    These procedures will be executed by: (a) law enforcement personnel conducting the investigation and search and other individuals assisting law enforcement personnel in the search, including any prosecutor participating in the investigation (the "Search Team") (b) individual(s) not participating in the investigation of the matter, who will be available to assist in the event that a procedure involving potentially privileged information is required (the "Privilege Review Team"); and (c) the Special Matters Unit ("SMU") of the Criminal Division, Fraud Section. SMU attorneys and support staff are not and will not become part of the prosecution team and have a separate reporting chain from the prosecution team.

3.    The Search Team will search for the **TARGET DEVICE**. It will be transferred to the SMU. Upon receipt of the **TARGET DEVICE**, the SMU will review the identified **TARGET DEVICE** as set forth herein for potentially privileged information.

4.    The Search Team will, in their discretion, either copy the **TARGET DEVICE** on-site or seize and copy such device, and transport the device to an appropriate law enforcement laboratory or similar facility to be copied at that location, or provide the material directly to the SMU.

5.    The SMU, in consultation with the Search Team, will compile a list of "privilege search terms" to be used to electronically search the **TARGET DEVICE**, including specific names and generic words intended to identify potentially privileged information. The SMU will conduct an electronic review of the data on the **TARGET DEVICE** using the privilege search

1

terms, and by using search protocols specifically chosen to identify and segregate documents or data containing potentially privileged information. All of the data contained in the **TARGET DEVICE** may be reviewed using this procedure. Documents or data that are identified by this review as not potentially privileged, including documents that do not contain the privilege search terms, may be released to the Search Team without court intervention. Notwithstanding the procedures set forth in this paragraph, where a Search Team member otherwise reviews documents not previously determined to contain potentially privileged information, and later determines that such documents may be potentially privileged, the documents will then be provided to a Privilege Review Team member and handled in accordance with the procedures described in this paragraph.

      6.        Documents or data identified during the initial privilege search terms review to be potentially privileged will be segregated. An SMU attorney may thereafter review the segregated documents to confirm whether or not they contain potentially privileged information. If the SMU attorney determines the documents or data are not potentially privileged, they may be given to the Search Team. If at any point the Search Team identified any data or documents that they believe to be potentially privileged, they will cease the review and refer the materials to the SMU for further review by the SMU. If the SMU attorney determines that documents are potentially privileged, the SMU attorney may do any of the following: (a) apply ex parte to the court for a determination whether or not the documents contain privileged information; (b) defer seeking court intervention and instead segregate the documents in a manner that makes them inaccessible to the search team; or (c) disclose the documents to the potential privilege holder, request a privilege log if the potential privilege holder asserts privilege, and seek a ruling from the court regarding the documents if the parties cannot reach agreement.

7.     In performing the reviews, both the SMU and the Search Team may search for and attempt to recover:

a.     deleted, "hidden," or encrypted data;

b.     Records and information indicating the identity and location (both past and present) of the person(s) who use or access the Subject Accounts or who exercise in any way any dominion or control over the accounts, including but not limited to associated email accounts and other internet-based accounts, login Internet Protocol ("IP") addresses, and session times and durations

c.     use tools to exclude normal operating system files and standard third-party software that do not need to be searched; and

d.     use forensic examination and searching tools, such as Relativity, Cellebrite, EnCase and FTK (Forensic Tool Kit).

8.     If the search determines that the **TARGET DEVICE** does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and/or delete or destroy all forensic copies thereof. If the search determines that the **TARGET DEVICE** does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

9.     If the search determines that the **TARGET DEVICE** is (a) itself an item to be seized and/or (b) contains data falling within the list of other items to be seized, the government may retain forensic copies of the **TARGET DEVICE** but may not access data falling outside the scope of the other items to be seized absent further court order or written consent of the property owner.

10.      In order to search for data capable of being read or interpreted by the **TARGET DEVICE**, and obtain all information authorized to be seized in Paragraph 1 above, the Search Team is authorized to seize the following items:

a.      The **TARGET DEVICE**;

b.      Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

c.      Any magnetic, electronic, or optical storage device capable of storing digital data;

d.      Any documentation, operating logs, or reference manuals regarding the operation of the **TARGET DEVICE** or software used in the **TARGET DEVICE**;

e.      Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the **TARGET DEVICE**;

f.      Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the **TARGET DEVICE** or data stored on the **TARGET DEVICE**; and

g.      Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the **TARGET DEVICE** or data stored on the **TARGET DEVICE**.

Case 9:22-cr-80022-AMC Document 357 Entered on FLSD Docket 10/13/2022 Page 57 of 170
Case 9:22-cr-80022-AMC Document 358-7 *SEALED* Docket 10/13/2022 Page 57 of 170
Page 39 of 152

EXHIBIT E

*UNDER SEAL*

**ATTACHMENT C**

**SEARCH PROCEDURES FOR HANDLING POTENTIALLY PRIVILEGED INFORMATION**

1.      The following procedures will be followed at the time of the search in order to avoid unnecessary disclosures of privileged information.

2.      These procedures will be executed by: (a) law enforcement personnel conducting the investigation and search and other individuals assisting law enforcement personnel in the search, including any prosecutor participating in the investigation (the "Search Team") (b) individual(s) not participating in the investigation of the matter, who will be available to assist in the event that a procedure involving potentially privileged information is required (the "Privilege Review Team"); and (c) the Special Matters Unit ("SMU") of the Criminal Division, Fraud Section. SMU attorneys and support staff are not and will not become part of the prosecution team, and have a separate reporting chain from the prosecution team.

Digital Evidence

3.      Upon receipt of electronic data such as an email account for a filter review, the SMU will review the identified digital devices as set forth herein for potentially privileged information.

4.      The Search Team will, in their discretion, either copy the digital device(s) on-site or seize and copy such device(s), and transport the device(s) to an appropriate law enforcement laboratory or similar facility to be copied at that location, or provide the material directly to the SMU.

5.      The SMU, in consultation with the Search Team, will compile a list of "privilege search terms" to be used to electronically search the digital devices, including specific names and generic words intended to identify potentially privileged information. The SMU will conduct an

8

electronic review of the data on the digital devices using the privilege search terms, and by using search protocols specifically chosen to identify and segregate documents or data containing potentially privileged information. All of the data contained in each digital device capable of containing any of the items to be seized may be reviewed using this procedure. Documents or data that are identified by this review as not potentially privileged, including documents that do not contain the privilege search terms, may be released to the Search Team without court intervention. Notwithstanding the procedures set forth in this paragraph, where a Search Team member otherwise reviews documents not previously determined to contain potentially privileged information, and later determines that such documents may be potentially privileged, the documents will then be provided to a Privilege Review Team member and handled in accordance with the procedures described in this paragraph.

6.       Documents or data identified during the initial privilege search terms review to be potentially privileged will be segregated. An SMU attorney may thereafter review the segregated documents to confirm whether or not they contain potentially privileged information. If the SMU attorney determines the documents or data are not potentially privileged, they may be given to the Search Team. If at any point the Search Team identified any data or documents that they believe to be potentially privileged, they will cease the review and refer the materials to the SMU for further review by the SMU. If the SMU attorney determines that documents are potentially privileged, the SMU attorney may do any of the following: (a) apply *ex parte* to the court for a determination whether or not the documents contain privileged information; (b) defer seeking court intervention and instead segregate the documents in a manner that makes them inaccessible to the search team; or (c) disclose the documents to the potential privilege holder, request a

privilege log if the potential privilege holder asserts privilege, and seek a ruling from the court regarding the documents if the parties cannot reach agreement.

      7.     In performing the reviews, both the SMU and the Search Team may search for and attempt to recover:

      a.     deleted, "hidden," or encrypted data;

      b.     Records and information indicating the identity and location (both past and present) of the person(s) who use or access the TARGET ACCOUNTS or who exercise in any way any dominion or control over the accounts, including but not limited to associated email accounts and other internet-based accounts, login Internet Protocol ("IP") addresses, and session times and durations

      c.     use tools to exclude normal operating system files and standard third-party software that do not need to be searched; and

      d.     use forensic examination and searching tools, such as Relativity, Cellebrite, EnCase and FTK (Forensic Tool Kit).

      8.     If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and/or delete or destroy all forensic copies thereof. If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

      9.     If the search determines that a digital device is (a) itself an item to be seized and/or (b) contains data falling within the list of other items to be seized, the government may retain forensic copies of the digital device but may not access data falling outside the scope of the other items to be seized absent further court order or written consent of the property owner.

10.     In order to search for data capable of being read or interpreted by a digital device, and obtain all information authorized to be seized in Paragraph 1 above, the Search Team is authorized to seize the following items:

a.      Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

b.      Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

c.      Any magnetic, electronic, or optical storage device capable of storing digital data;

d.      Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

e.      Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

f.      Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

g.      Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

# EXHIBIT F
*UNDER SEAL*

Case 9:22-cr-80022-AMC Document 358-7 Entered on FLSD Docket 10/13/2022 Page 80 of 170
Case 9:22-cr-80022-AMC Document 357 Entered on FLSD Docket 10/13/2022 Page 62 of 152
Page 62 of 152

# EXHIBIT G
# *UNDER SEAL*

# EXHIBIT H
*UNDER SEAL*

# EXHIBIT I
# *UNDER SEAL*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-80196-SINGHAL

UNITED STATES OF AMERICA,

vs.

RICHARD GARIPOLI,

         Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION FOR A DISCOVERY PROTOCOL GOVERNING DISCLOSURE OF MATERIAL SUBJECT TO CLAIMS OF PRIVILEGE [DE 48]

**THIS CAUSE** is before the Court upon the Government's Motion for a Discovery Protocol Governing Disclosure of Material Subject to Claims of Privilege ("Motion") [DE 48]. The Motion was referred to the undersigned by the Honorable Raag Singhal, United States District Judge. *See* DE 49. The Court held a hearing on the Motion via Zoom video teleconference (VTC) on March 2, 2021. After hearing the argument of the parties and making certain oral rulings, the Court required the Government to submit a proposed order to the Court incorporating those rulings. The Government submitted the proposed order on March 11, 2021, noting that defense counsel approved it. Having considered the Motion, and for good cause shown,

     it is hereby **ORDERED** as follows:

1. The Motion [DE 48] is **GRANTED IN PART AND DENIED IN PART**, and the protocol set forth in Paragraphs 2-10, below (hereafter "Protocol"), shall govern the disclosure of discovery material that have been or are potentially subject to claims of privilege (hereafter "Potentially Protected Material") by Defendant and third-parties in this case.

# EXHIBIT J
*UNDER SEAL*

# EXHIBIT K
# *UNDER SEAL*

# EXHIBIT L
# *UNDER SEAL*

**Coley, Timothy J. (CRM)**

| | |
|---|---|
| **From:** | Alyssa Silvaggi <ASilvaggi@royblack.com> |
| **Sent:** | Friday, April 1, 2022 5:08 PM |
| **To:** | Coley, Timothy J. (CRM) |
| **Cc:** | Howard Srebnick; Benjamin S. Waxman; Edward J. Armellino |
| **Subject:** | [EXTERNAL] RE: United States v. Carver - case scheduling/complex designation |

Hi Tim,

I tried to reach you via phone earlier today to discuss modifications to your proposed protocol order, but was unsuccessful. Our position on the proposed protocol order remains the same ███████████████████████████████████ – that we object generally to filter teams comprised of government attorneys.

At a minimum, we request the following modifications to the proposed protocol order:

- Add the following language: "The Filter Team shall not share a first-level supervisor with anyone on the investigative/prosecution team (the "Prosecution Team"). Any supervisor involved in the filter team review shall be walled off from the underlying investigation."
- Remove the following clause: "<u>Failure to Comply</u>: If the ostensible holder of the potential privilege(s) or protection(s) fails to (i) provide to the Filter Team and Co-Defendant(s) a privilege log that complies with Subparagraph (b) above, or (ii) meet and confer in accordance with Subparagraph (f) below, the Court may determine that such inactions constitute waiver of any privilege(s) and/or protection(s) over the Potentially Protected Material."
- Allow us 30 days to review any material the Filter Team deems as non-PPM before release to the Prosecution Team

Please advise your position on our proposed modifications. We remain available to discuss.

Thank you,


**Alyssa Silvaggi**
Attorney

**BlackSrebnick**
CIVIL | CRIMINAL

201 South Biscayne Boulevard, Suite 1300, Miami, FL 33131

O 305-371-6421
D 305-350-8340
M 954-802-9414
www.royblack.com

**Notice:** This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It

constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

**From:** Coley, Timothy J. (CRM) <Timothy.J.Coley@usdoj.gov>
**Sent:** Tuesday, March 29, 2022 2:30 PM
**To:** Rafferty, Brian T. <brafferty@bakerlaw.com>; stevesadow@gmail.com; Robyn Lynn Sztyndor <rls409@nyu.edu>; Howard Srebnick <HSrebnick@royblack.com>; Alyssa Silvaggi <ASilvaggi@royblack.com>; Victor Sherman <victor@victorsherman.law>; Austin Krtausch <Austin.Krtausch@gray-robinson.com>; Mehta, Jason <jmehta@bradley.com>; Jack@goldbergerweiss.com; Matthew Goldberger <matthew@goldbergerfirm.com>; Keith Fousek <kfousek1@gmail.com>; ask_pa@bellsouth.net; robert_adler@fd.org
**Cc:** Ciko Torza, Lindita (CRM) <Lindita.Ciko.Torza@usdoj.gov>
**Subject:** RE: United States v. Carver - case scheduling/complex designation

Counsel,

Following up the email below, attached please find a proposed filter protocol order.  Please advise by **5PM Eastern this Friday April 1, 2022** whether you oppose the attached protocol.

If you have questions or would like to discuss the protocol, please advise, and we can set up a time to discuss.

Thanks,
Tim

Timothy J. Coley
Trial Attorney, Fraud Section
U.S. Department of Justice (CRM)
Cell: 202-262-6631
Email: Timothy.J.Coley@usdoj.gov

**From:** Queenan, Patrick (CRM) <Patrick.Queenan@usdoj.gov>
**Sent:** Tuesday, March 22, 2022 2:38 PM
**To:** Rafferty, Brian T. <brafferty@bakerlaw.com>; stevesadow@gmail.com; Robyn Lynn Sztyndor <rls409@nyu.edu>; Howard Srebnick <HSrebnick@royblack.com>; Alyssa Silvaggi <ASilvaggi@royblack.com>; Victor Sherman <victor@victorsherman.law>; Austin Krtausch <Austin.Krtausch@gray-robinson.com>; Mehta, Jason <jmehta@bradley.com>; Jack@goldbergerweiss.com; Matthew Goldberger <matthew@goldbergerfirm.com>; Keith Fousek <kfousek1@gmail.com>; ask_pa@bellsouth.net; robert_adler@fd.org
**Cc:** Cuyler Jr., Reginald (CRM) <Reginald.Cuyler.Jr@usdoj.gov>; Coley, Timothy J. (CRM) <Timothy.J.Coley@usdoj.gov>; Ciko Torza, Lindita (CRM) <Lindita.Ciko.Torza@usdoj.gov>; Nadler, Arielle (CRM) <Arielle.Nadler@usdoj.gov>
**Subject:** United States v. Carver - case scheduling/complex designation

Good afternoon Counsel,

The government is proposing to designate the case complex and extend the trial date out to allow the parties sufficient time to prepare for trial.  We have drafted the attached proposed joint motion for your review and consideration.  In summary, we seek to push the trial date out due to the number of defendants, the volume of discovery, nature of prosecution, and filter review needed.

Recently, Judge Cannon entered a protective order.  The government will now file its first response to the standing discovery order and will also send out the first production (thumb drive via Fedex) tomorrow.  A second production will follow in the next 1-2 weeks with 302s and other items.

As for the filter review, I have copied Tim Coley and Lindita Ciko Torza from the Special Matters Unit.  They will follow up with a proposed protocol for your review and consideration.  Once the filter protocol is approved by the Court, it sounds like the filter team will need up to 60-90 days to complete its review and produce all materials to the prosecution team and defense counsel.  There are approximately 620,000 documents subject to filter review.

Are folks available tomorrow afternoon for a call to confer on gathering some proposed trial dates to propose to Judge Cannon either in a joint motion (such as the attached) or by requesting a scheduling conference?  We are available between 3-4p or after 5p tomorrow.

Thanks,

Patrick J. Queenan
Trial Attorney, Health Care Fraud Unit
Department of Justice
Criminal Division, Fraud Section
(202) 875-0326

# EXHIBIT M
*UNDER SEAL*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CR-20321-ALTONAGA/TORRES

UNITED STATES OF AMERICA

     Plaintiff,

v.

MICHAEL STEIN, and
LEONEL PALATNIK,

     Defendants.

_____/

## <u>ORDER ON GOVERNMENT'S MOTION FOR DISCOVERY PROTOCOL</u>

This matter is before the Court on the government's Motion for a Discovery Protocol Governing Disclosure of Material Subject to Claims of Privilege. [D.E. 33].[1] Having carefully considered the government's motion, Defendant Stein's response in opposition,[2] the government's reply, and being fully advised in the premises, the government's motion is GRANTED in part and DENIED in part.

## I.     BACKGROUND

Pursuant to a series of search warrants, the government seized materials belonging to Defendant Stein. Emails and text messages account for a significant amount of the materials seized by the government, and it is undisputed that some of these communications involve Defendant Stein and his legal counsel. Additional

---

[1]     This matter was referred to the undersigned Magistrate Judge. [D.E. 44].

[2]     Defendant Stein's Motion to Reconsider [D.E. 43] shall be deemed an opposition to the government's motion.

discovery materials were also voluntarily provided to the government by a third party. The government is cognizant that some of the seized materials and voluntarily produced materials qualify as Potentially Protected Material ("PPM"), which is material that could potentially garner the protections of the attorney-client privilege, work product doctrine, or other legally recognized privileges. Accordingly, the government has designated a "Filter Team"[3] to review these materials so that PPM can be identified, segregated, and placed into a privilege-dispute protocol before the PPM is provided to the Prosecution Team in this case.

Based on the foregoing, the government, through its Filter Team, moved this Court to enter a protocol governing the disclosure of discovery materials that have been or are potentially subject to claims of privilege. Accordingly, the government has submitted a Proposed Protocol, which provides detailed and orderly processes for disputing the privileges associated with any discovery material in this case. *See* [D.E. 33, Ex. A].

Finding the Proposed Protocol unsatisfactory, Defendant Stein objects to its entry and instead argues that the protocol must be modified to avoid the violation of his rights as a privilege holder.[4] The most substantive modification proposed by

---

[3]   The government represents to this Court that the Filter Team is within the U.S. Department of Justice, Criminal Division, Fraud Section's Special Matters Unit and has a separate reporting and supervisory chain from the Prosecution Team in this case. The Filter Team is comprised of staff who are not part of the Prosecution Team. Thus, the Filter Team only conducts the filter review and is not involved in the investigation or proceedings related to the above-captioned matter.

[4]   As a threshold grievance, Defendant Stein objects to the use of *any* filter team that is affiliated with the government. He recognizes, however, that the Eleventh Circuit has flatly rejected the notion that a government filter team is *per se* improper.

Defendant Stein is that *he*, not the government-led Filter Team, should be empowered to conduct the initial privilege review of both the seized materials and the voluntarily produced materials.  [D.E. 43 at 15].

## II.    ANALYSIS

Defendant Stein primarily relies on the recent *Korf* decision to explain why the Proposed Protocol provides insufficient protection of his rights as a privilege holder. *See In re: Sealed Search Warrant and Application for Warrant by Telephone or Other Reliable Electronic Means* ("*Korf*"), 11 F.4th 1235 (11th Cir. 2021). Although *Korf* is instructive, it does not mandate some of the atypical relief sought by Defendant Stein, to wit: the institution of his own filter team that is empowered to conduct the initial privilege review.

In *Korf*, the government lawfully searched and seized materials from an office space in Miami that belonged to a family of companies that were being investigated for money laundering, conspiracy, and wire fraud. *Id.* at 1239. This particular office included space for the companies' in-house legal counsel. *Id.* at 1240. Accordingly, materials associated with the in-house counsel's office were seized by the government. *Id*. At the time, the companies were entangled in numerous legal disputes, including

---

[D.E. 43 at 6 n. 4]. Accordingly, the Court rejects this argument without further discussion.

Defendant Stein also requested a hearing to determine whether any privileged documents have already been reviewed by the Prosecution Team. [D.E. 43 at 15]. Because the government replied that no PPM has been inadvertently disclosed to the Prosecution Team (and because this Protocol Order empowers Defendant Stein to move this Court for relief if he later believes that such inadvertent disclosure has occurred), the Court finds that a hearing is unnecessary at this time. [D.E. 45 at 9].

a civil action in Delaware. *Id*. at 1242. The Delaware lawsuit was not entirely factually disconnected from the government's criminal investigation into the companies, and so the privilege-holders were particularly concerned that the materials seized from the Miami office would provide the government with a "roadmap" to their legal defenses in the criminal case. *Id*. at 1241. Cognizant of the substantial risk that the prosecution team in *Korf* would review privileged material seized from the Miami office because the original filter-team protocol required the filter team to segregate only communications that were "to/from attorneys," the magistrate judge implemented a modified filter-team protocol that required in part the privilege-holders to conduct the initial privilege review. *Id*. at 1242-43. The Eleventh Circuit found that the magistrate judge's modification was not an abuse of discretion. *Id*. at 1252.

Here, Defendant Stein appears to argue that the Eleventh Circuit's approval of the modified filter-team protocol in *Korf* created a baseline for all other filter-team protocols, thereby requiring this Court to find that the Proposed Protocol is insufficient because it does not provide Defendant Stein with the opportunity to conduct the initial privilege review of the materials seized by (or voluntarily given to) the government. [D.E. 43 at 8-14]. But *Korf* expressly did not create such a baseline. *Id*. at 1251 n.10 ("We do not prejudge other filter protocols that are not before us. Rather, we evaluate only the Modified Filter-Team Protocol and simply conclude that, under the circumstances here, that Protocol suffices, even under frameworks of analysis that other Circuits have used to invalidate other protocols.").

By contrast, the Eleventh Circuit directly acknowledged that walled-off, government-led filter teams have been approved of or recognized without criticism by the Second, Third, Fourth, Seventh, Eighth, Ninth, and Tenth Circuits. *Id*. at 1249 (collecting cases). We see no indication or hint from the opinion that our Circuit was criticizing or rejecting those particular approaches in a given case. Accordingly, we do not find that the Proposed Protocol is insufficient simply because it allows the initial privilege review to be conducted by a government-led Filter Team.

Unlike in *Korf* – or in *Baltimore Law Firm*,[5] another case relied upon by Defendant Stein, for that matter – the government has not seized materials from a lawyer's office. So, the especially sensitive posture of *Korf* and *Baltimore Law Firm* are not present in our record. Rather, it appears that some of Defendant Stein's seized communications may be protected by one or more legally recognized privileges, but a great deal of other documents seized may not. So, unlike the record *Korf* presented, the Proposed Protocol in our case does not appear underinclusive because it does not limit the Filter Team's segregation obligations to only the attorney-client privilege and adequately protects Defendant's legitimate interests in protecting his privileged material.

But that is not to say that the Court lacks any reservations about the Proposed Protocol. Indeed, it is undisputed that the government possesses communications between Defendant Stein and his lawyer. Thus, there is a risk that the Prosecution

---

[5]     *In re: Search Warrant Issued June 13, 2019* ("*Baltimore Law Firm*"), 942 F.3d 159 (4th Cir. 2019) (finding the use of a government-led filter team to be an insufficient mechanism for protecting the privilege-holders' rights).

Team could become privy to a "roadmap" of Defendant Stein's legal defenses if a protocol is not implemented to keep such communications from being reviewed by the Prosecution Team.   As Defendant Stein correctly points out, the Court should ensure that any government-led filter-team protocol is "respectful of, rather than injurious to, the protection of privilege." *See In re Grand Jury Subpoenas 04-124-03 and 04-124-05* ("*Winget*"), 454 F.3d 511, 522-23 (6th Cir. 2006).[6] Although the government, through its Filter Team, represents to the Court that the Filter Team has a separate supervisory and reporting chain from the Prosecution Team, nothing in the Proposed Protocol explicitly requires that wall to be in place. Moreover, despite the Filter Team's representation that it will work with Defendant Stein and his counsel to develop the PPM-related keyword search terms that will enable the Filter Team's segregation efforts, nothing in the Proposed Protocol requires the government to do so. Surely, if the Filter Team intends to protect all of Defendant Stein's legal privileges, it will need to engage in such collaboration. Accordingly, having carefully considered the issue as well as the parties' arguments and the governing law, modifications must be made to the Proposed Protocol to sufficiently protect any potential privilege-holder's rights.

---

[6]      The Court notes that Defendant Stein also relies on *Winget* for the proposition that *he* should be allowed to conduct the initial privilege review, but that case is so factually distinguishable that it cannot justify such atypical relief. Unlike in *Winget*, the government already possesses the materials at issue in this case.

## III.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the government's motion [D.E. 33] is **GRANTED** in part and **DENIED** in part as follows:

1.     The parties shall adhere to the following modified filter-team protocol (the "Protocol"), which shall govern the disclosure of Potentially Protected Material[7] in this case.

2.     The Protective Order issued on June 14, 2021 [D.E. 10] shall apply to any discovery material produced by the filter team established by the United States in this case (the "Filter Team") to Defendants or a third-party pursuant to the Protocol.

3.     The Filter Team shall not share a first-level supervisor with anyone on the investigative/prosecution team (the "Prosecution Team"). Any supervisor involved in the filter team review shall be walled off from the underlying investigation.

4.     The Filter Team shall segregate the Potentially Protected Material from the Prosecution Team, unless a court order or the claimant entitled to assert the privilege authorizes the release of Potentially Protected Material to the Prosecution Team.

5.     The Filter Team shall segregate Potentially Protected Material from Defendant(s), unless the privilege holder or a court order authorizes the release of the Potentially Protected Material to the specific recipient.

---

[7]     "Potentially Protected Material" is discovery material that is potentially protected from disclosure by the attorney-client privilege, work-product doctrine, or any other legally recognized privilege or protection.

7

6.     To effectuate its review, identification, and segregation efforts pursuant to this Protocol, the Filter Team shall collaborate with and receive input from the Defendant(s) to determine the appropriate keyword search terms within thirty (30) days from the entry of this order.

7.     The Filter Team shall release discovery material that is not Potentially Protected Material for production to the Prosecution Team and Defendant(s).

8.     If a Defendant is the potential privilege holder or is entitled to access the Potentially Protected Material through a Joint-Defense Agreement ("JDA"), the Filter Team shall produce a full copy of the Potentially Protected Material to the Defendant within thirty (30) days of the entry of this Protocol Order.[8]

9.     If a Defendant is the potential privilege holder of the Potentially Protected Material, the Filter Team shall notify that Defendant before releasing any of the Defendant's Potentially Protected Material to the Prosecution Team or a Co-Defendant who is not entitled to access by virtue of a JDA under the following conditions:

   a.     <u>Notice</u>: The written notice to the Defendant potential privilege holder shall include:

      i.     An electronic index identifying the Potentially Protected Material scheduled for release;

      ii.    The anticipated date of the release to the Prosecution Team and/or Co-Defendant(s); and

      iii.   A copy of this Protocol Order.

---

[8]     Unless otherwise noted, dates and times in this Order shall be computed according to Federal Rule of Criminal Procedure 45.

b. <u>Objections to Production or Asserting Privilege Claims</u>: If the Defendant potential privilege holder objects to the Filter Team's production of certain items to Co- Defendant(s) or the Prosecution Team, the Defendant privilege holder must send a written objection to the Filter Team and counsel for Co-Defendant(s) within thirty (30) days of receiving the notice of scheduled release. The objection shall include a privilege log setting forth for each item logged:

    i. The Bates number range for the document;

    ii. The document title or a description of the document's subject matter;

    iii. The date the document was created;

    iv. The author(s) of the document;

    v. The recipient(s) of the document;

    vi. The privilege holder(s) asserting the claim; and

    vii. The privilege(s) and/or protection(s) asserted that preclude production of each document logged (e.g., attorney-client privilege, work product doctrine protection, or other legally recognized privilege or protection).

c. <u>Non-Logged Potentially Protected Material</u>: The Filter Team will release to the Prosecution Team and Co-Defendant(s) the Potentially Privileged Material that the Defendant privilege holder does not include on the privilege log without the need for the Court's approval.

d. <u>Failure to Object or Assert</u>: If the Defendant privilege holder fails to adequately object within thirty (30) days of the Filter Team's notice of scheduled release, the Filter Team will provide the Prosecution Team and Co-Defendant(s) with information regarding the Filter Team's attempts to contact the Defendant potential privilege holder and the subsequent failure to respond. Thereafter, the Government or Co-Defendant(s) may forego Subparagraphs (f)–(i) below and move the Court for a finding that the Defendant privilege holder has waived any protections over the Potentially Protected Material identified in the notice of scheduled release.

e.    Failure to Provide a Privilege Log: If a Defendant potential privilege holder fails to (i) provide to the Filter Team and Co-Defendant(s) a privilege log that complies with Subparagraph (b) above, or (ii) meet and confer in accordance with Subparagraph (f) below, the Court may determine that such inactions constitute waiver of any protections over the Potentially Protected Material.

f.    Meet and Confer Requirement: After the Filter Team receives an objection and required privilege log from the Defendant potential privilege holder, the Parties shall have ten (10) business days to meet and confer to try to resolve any disagreements concerning the production objection.[9]

g.    Motion to Compel: The Filter Team or Co-Defendant(s) shall have ten (10) business days from the date of the meet and confer to move to compel production of the Potentially Protected Material. The moving party shall include with its Motion a copy of the Defendant potential privilege holder's privilege log and a memorandum containing any factual or legal arguments. Upon the Court's request, the party asserting the privilege shall provide a copy of the disputed Potentially Protected Material to the Court *ex parte* and under seal for *in camera* review.

h.    Response: The Defendant potential privilege holder shall file a response within ten (10) business days of the filing of a motion to compel under this Protocol.

i.    Reply: A party moving to compel under this Protocol shall file a reply within five (5) business days of the Defendant potential privilege holder's response.

10.    Before producing any of a third-party claimant's Potentially Protected Material to the Prosecution Team and/or Defendant(s), the Filter Team shall notify the third-party claimant that their Potentially Protected Material will be produced as part of the discovery to the Defendant(s) and/or released to the Prosecution Team.

---

[9]    "Business days" are weekdays, excluding Saturday, Sunday, and legal holidays.

The following procedure will apply to releasing a third-party claimant's Potentially Protected Material to the Defendant(s) and/or the Prosecution Team:

a.   <u>Notice</u>: The written notice to the third-party potential privilege holder shall include:

   i.   The criminal case number of this proceeding;

   ii.   The anticipated date of the release to the Prosecution Team and/or Defendant(s);

   iii.   An electronic index identifying the Potentially Protected Material scheduled for release;

   iv.   An electronic copy of the Potentially Protected Material scheduled for production;

   v.   A copy of the Protective Order in this case; and

   vi.   A copy of this Protocol Order.

b.   <u>Objections to Production or Asserting Privilege Claims</u>: If the third-party potential privilege holder objects to the Filter Team's production of certain items to Defendant(s) or the Prosecution Team, the third-party claimant must send a written objection to the Filter Team and counsel for Defendant(s) within thirty (30) days of receiving the notice of scheduled release. The objection shall include a privilege log setting forth for each item logged:

   i.   The Bates number range for the document;

   ii.   The document title or a description of the document's subject matter;

   iii.   The date the document was created;

   iv.   The author(s) of the document;

   v.   The recipient(s) of the document;

   vi.   The privilege holder(s) asserting the claim; and

vii.     The privilege(s) and protection(s) asserted that preclude production of each document logged (e.g., attorney-client privilege, work product doctrine protection, or other legally recognized privilege or protection).

c.     <u>Non-Logged Potentially Protected Material</u>: The Filter Team will release to the Prosecution Team and Defendant(s) the Potentially Protected Material that the third-party claimant does not include on the privilege log without the need for the Court's approval.

d.     <u>Failure to Object or Assert</u>: If the third-party privilege holder fails to adequately object within thirty (30) days of the Filter Team's notice of scheduled release, the Filter Team will provide the Prosecution Team and Defendant(s) with information regarding the Filter Team's attempts to contact the third-party claimant and the subsequent failure to respond. Thereafter, the Government or Defendant(s) may forego Subparagraphs (f)–(i) below and move the Court for a finding that the third-party claimant has waived any protections over the Potentially Protected Material identified in the notice of scheduled release.

e.     <u>Failure to Provide a Privilege Log</u>: If a third-party potential privilege holder fails to (i) provide to the Filter Team and Defendant(s) a privilege log that complies with Subparagraph (b) above, or (ii) meet and confer in accordance with Subparagraph (f) below, the Court may determine that such inactions constitute waiver of any protections over the Potentially Protected Material.

f.     <u>Meet and Confer Requirement</u>: After the Filter Team receives an objection and required privilege log from a third-party potential privilege holder, the Parties shall have ten (10) business days to meet and confer with the third-party claimant to try to resolve any disagreements concerning the production objection and/or privilege assertion.

g.     <u>Motion to Compel</u>: The Filter Team or Defendant(s) shall have ten (10) business days from the date of the meet and confer to move to compel production of the Potentially Protected Material. The moving party shall include with its Motion a copy of the third-party claimant's privilege log and a memorandum containing any factual or legal arguments. The moving party must also serve a copy of the Motion and attachments on the third-party claimant. Upon the Court's request, the third-party claimant asserting the privilege shall provide a copy of the disputed Potentially

Protected Material to the Court *ex parte* and under seal for *in camera* review.

h.    <u>Response</u>: The third-party potential privilege holder shall file a response within ten (10) business days of the filing of a motion to compel under this Protocol.

i.    <u>Reply</u>: A party moving to compel under this Protocol shall file a reply within five (5) business days of the third-party potential privilege holder's response.

11.    If an item produced in discovery to Defendant(s) and/or the Prosecution Team is later subject to a privilege claim by any party, and that claim is not challenged or is later upheld by the Court, the Co-Defendant(s) and/or the Prosecution Team must return or destroy that item unless they receive the Court's approval to retain the material.

12.    The Court retains jurisdiction to resolve any dispute or adjudicate any privilege claim asserted over discovery material produced pursuant to the Protocol, including if, and under what circumstances, a party may use the Potentially Protected Material at trial.

13.    Pursuant to Federal Rule of Evidence 502(d), any Potentially Protected Material disclosed to the Prosecution Team, Defendant(s), or a third party under this Protocol or subsequent disclosure order in this proceeding, shall not constitute a waiver or forfeiture of any privilege claim in any other federal or state judicial or administrative proceeding.

14.    All parties have the right to present to the Court any Potentially Protected Material to adjudicate whether the materials are indeed protected and/or if an exception to a protection applies, including, but not limited to, the crime-fraud

exception or waiver. Under Federal Rule of Evidence 502(d), a disclosure to determine whether materials are protected pursuant to this paragraph shall not itself constitute a waiver or forfeiture of any privilege claim.

15. If any member of the Prosecution Team inadvertently reviews Potentially Protected Material, the Prosecution Team member shall immediately cease review of the Potentially Protected Material and turn the Potentially Protected Material over to the Filter Team for processing in accordance with this Protocol. Inadvertent review of Potentially Protected Material shall not automatically disqualify a Prosecution Team member from this matter.

16. The Parties and third parties may extend the deadlines in this Protocol by written agreement or by requesting the same from the Court upon good cause shown.

17. The Government shall provide a copy of this Protocol Order to all known potential third-party claimants within five (5) business days of the entry of the Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of October 2021.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

14