# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-CR-80022-CANNON/REINHART

**UNITED STATES OF AMERICA**

**vs.**                                                                **UNDER SEAL**

**DANIEL M. CARVER, et al.,**

                                 **Defendants**.

_____/

### UNITED STATES' REPLY IN SUPPORT OF PARTIALLY OPPOSED MOTION FOR PROTOCOL GOVERNING MATERIAL SUBJECT TO CLAIMS OF PRIVILEGE

The United States of America, by and through its assigned Filter Team, respectfully submits this Reply in support of its Partially Opposed Motion for a Protocol Governing Materials Subject to Claims of Privilege [Dkt No. 177] (the "Motion"). Nine of the ten Defendants in this matter do not oppose entry of the protocol attached as Exhibit A to the Motion (the "Proposed Protocol"); Defendant Gosney is the only party who opposes its entry. Good cause supports the entry of the Proposed Protocol because it provides an objective, orderly mechanism for ostensible privilege holders, including Gosney, to assert applicable privileges, while narrowing and resolving any privilege disputes. Further, ███████████████████████████████████████████ ████████████████████████████████████████████████ pursuant to which the Filter Team has been processing PPM[1] and non-PPM. Changing the procedure now would disrupt the filter process that is already underway. ██████████████████████.

Gosney's objection to the Proposed Protocol is based on a premise that would upend settled discovery and search warrant law and procedures by preventing *any* Government review of such

---

[1] "PPM" is "Potentially Protected Material" that could potentially garner the protections of the attorney client privilege, work product doctrine, or other legally recognized privileges.

material—even by a Filter Team—until after arguable privilege holders review it all, needlessly delaying and hindering investigations and prosecutions. In short, the Opposition extensively cites—and misconstrues—a recent Eleventh Circuit decision, *Korf*,[2] to argue that the Proposed Protocol is *per se* improper. Gosney claims he is entitled to conduct a privilege review over the entirety of the search warrant returns before the Filter Team provides non-PPM to the Prosecution Team. This position is not supported by *Korf*, which plainly states that Government filter teams are generally permitted to conduct initial privilege reviews. *See Korf* at *11; *Korf* District Court Order[3] at *4 ("At the outset, the Court rejects the movant's argument that the use of government filter teams to conduct privilege reviews is *per se* legally flawed."). Nor does this position find support in the multiple other cases where Gosney's counsel has raised it; instead, courts in this District and Circuit have consistently rejected the argument, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. M (Order on Motion for Discovery Protocol, *United States v. Stein,* ("*Stein*") No. 21-CR-20321 (S.D. Fla.)); *see also* Mot. at 6-7 (collecting cases).

Moreover, the Opposition's request for a blanket rule entitling parties to first review search warrant returns before the Government may access them is fundamentally incompatible with Rule 41. To require otherwise would disrupt the Government's ability to search material whenever there is even a suggestion of PPM—including in ordinary searches of businesses. *Korf* District Court Order at *6 (contrasting that case from ordinary business searches that may contain PPM). As opposed to the one-size-fits-all approach advocated by Defendant Gosney, the Proposed

---

[2] *In re: Sealed Search Warrant and Application for Warrant by Telephone or Other Reliable Electronic Means*, No 20-14223, 2021 WL 3852229 (11th Cir. Aug. 30, 2021).

[3] *In re Sealed Search Warrant & Application for a Warrant*, No. 20-MJ-03278, 2020 WL 5658721 (S.D. Fla. Sept. 23, 2020), *Aff'd sub nom. In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means*, No. 20-03278-MJ, 2020 WL 6689045 (S.D. Fla. Nov. 2, 2020), *aff'd*, No. 20-14223, 2021 WL 3852229 (11th Cir. Aug. 30, 2021).

Protocol provides an objective mechanism tailored to the needs of this case to reasonably identify and segregate privileged materials through the application of keyword search terms.

Finally, the Filter Team enjoys a separate reporting and supervisory chain from the Prosecution Team—despite the Opposition's suggestion otherwise—sufficient to satisfy *Korf*. Accordingly, the United States respectfully requests that the Court grant the Filter Team's Motion.

## ARGUMENT

I. **PROTOCOLS AUTHORIZING FILTER TEAMS TO SEGREGATE PPM ARE SUPPORTED BY THE ELEVENTH CIRCUIT'S *KORF* DECISION, OTHER IN-DISTRICT AND IN-CIRCUIT CASE LAW, AND RULE 41**

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

Gosney's request to refashion this procedure now would upend the filter process that is already underway. The protocol provides a fair, orderly mechanism for handling privilege assertions and any related disputes by authorizing the Filter Team to identify and segregate PPM through case-specific keyword searches, and to produce PPM to privilege claimants for assertion. Proposed Protocol ¶¶ 8-9. This structure satisfies *Korf* and Federal Rule of Criminal Procedure 41, and this formulation already has been approved by several courts within this Circuit, ████████████████ ███████████████████████, as well as other courts in this District and Circuit.

*First,* ███████████████████████, other courts in this District and Circuit have adopted similar privilege protocols. *See* Mot., Ex. M (*Stein* Protocol Order); Mot. at 6-7 (collecting cases). Similarly, *Korf* considered and rejected the claim[4] that it is *per se* inappropriate for

---

[4] As noted above, Defendant Gosney's counsel in this matter, Howard Srebnick, also represented the party filing the *Korf* appeal, as well as the defendant opposing entry of the protocol in *Stein*. *See* Opp. at 5, n.1. Despite the Eleventh Circuit's plain rejection of these same arguments in *Korf* and Chief Judge Altonaga's similar conclusion in *Stein*, Gosney and his counsel remain steadfast

government filter teams to make initial privilege determinations.  *Korf* at \*11 ("Intervenors cite no cases for the broad remedy they seek: a holding that government agents 'should never . . . review documents that are designated by their possessors as attorney-client or work product privilege[ ] until after a court has ruled on the privilege assertion.' Nor has our research unearthed any.").

*Next*, *Korf* did not, as Defendant Gosney suggests, hold out the protocol in that case as a model privilege protocol in this Circuit.  In fact, *Korf* expressly admonishes parties not to do so.  *Compare Korf* at \*12, n.10 ("We do not prejudge other filter protocols that are not before us.  Rather, we . . . simply conclude that, under the circumstances here, [the modified] Protocol suffices, even under frameworks of analysis that other Circuits have used to invalidate other protocols."), *with* Opp. at 9 (claiming in *Korf* "the court made clear the salient protections contained in the modified filter team protocol (that are not present in the Filter Team's proposed protocol) [sic] that saved it from possible invalidation"), *and* Opp. at 11-12.  The Opposition, however, turns *Korf*'s reasoning on its head, arguing that this Proposed Protocol is necessarily insufficient because it differs from the one in *Korf*.  *Id.*  In reality, *Korf* only affirmed that modified protocol after surveying the varying standards of "sister circuits," and concluding that, despite the appellant's wide-ranging objections, the protocol satisfied even the most stringent standards used by other Circuits.  *Korf* at \*13 (the protocol "appears to us to comply with even the most exacting requirements other courts that have considered such protocols have deemed appropriate").

In further support of its inverted logic, the Opposition focuses on *Korf's* discussion of two decisions from the Fourth and Sixth Circuit Courts of Appeal, *Baltimore Law Firm*[5] and *Winget*,[6]

---

that the Government's use of filter teams is somehow *per se* improper.  *See* Opp. at 6, n.3 (Gosney "maintains that government agents can *never* review documents designated" as privileged).

[5] *In re Search Warrant Issued June 13, 2019* ("*Baltimore Law Firm*"), 942 F.3d 159 (4th Cir. 2019).

[6] *In re Grand Jury Subpoenas 04-124-03 and 04-124-05* (*"Winget"*), 454 F.3d 511 (6th Cir. 2006).

which applied more heightened privilege protocol standards due to the particular facts at issue in those cases. But the Opposition fails to mention that *Korf* did not adopt these Circuits' stricter standards and found the facts giving rise to those standards inapposite. *Korf* at \*12 ("As with *Winget*, none of the concerns the Fourth Circuit identified in *Baltimore Law Firm* apply here.").

Importantly, the *Korf* decision also reviewed the standards adopted by the majority of other federal Circuits—namely, the Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth and Tenth Circuits—noting that these courts all have upheld the use of government filter teams to screen for privilege to varying degrees. *Korf* at \*11 (citing other Circuits' decisions approving or declining to criticize the use of filter teams). As explained in *Korf,* a primary justification for those courts' approval of using filter teams to screen for privilege was that "the filter team process was 'designed to protect [the] privileged information.'" *Id.* (quoting *United States v. Jarman*, 847 F.3d 259, 266 (5th Cir. 2017)); *see also id.* at \*10 (noting importance of protecting privilege). As discussed *infra* § II, the Proposed Protocol is indeed designed to protect privileged information using objective keyword search terms and other mechanisms tailored to meet the facts and needs of this case.

*Further*, the Proposed Protocol is consistent with Rule 41, which provides the governing framework for the issuance and execution of search warrants. *See* Fed. R. Crim. P. 41. At no point does Rule 41 contemplate that an individual from whom property is seized is entitled to first receive possession of search warrant returns even before the Government reviews the material. Yet, the Opposition seeks to write this requirement into Rule 41.[7] Such an approach would

---

[7] Courts considering similar arguments have rejected claims that the Government is required to subordinate its warrant power under Rule 41 to that of a subpoena power. *In re Search Warrants Executed on Apr. 28, 2021*, No. 21-MC-425, 2021 WL 2188150, at \*1 (S.D.N.Y. May 28, 2021), ("Giuliani and Toensing argue that the materials seized pursuant to the April 2021 warrants should be returned to them so that they may review them in the first instance for responsiveness and privilege. . . . There is no legal requirement for the Government to proceed by subpoena, nor is there any basis for the subject of an investigation to require it to do so.").

undermine *Korf's* entire justification for approving a modified protocol in that case that deviated from the standard process set forth by Rule 41—the unique facts there compelled unique considerations. In cases where attorney records are specifically sought, or parallel proceedings would be implicated, or similar factual bases exist, it is entirely appropriate for courts to consider whether further protocol protections are appropriate, as was done in *Korf*, and *Baltimore Law Firm*, and *Winget*. The Opposition asks the Court to erase those distinctions and apply—as a matter of course—a protocol beyond the prescriptions of Rule 41.

## II. THE PROPOSED PROTOCOL IS MORE BALANCED AND APPROPRIATE THAN THE HEIGHTENED PRIVILEGE PROTOCOL DEMANDED BY GOSNEY

### A. The Proposed Protocol Objectively Protects Privilege by Reasonably Identifying and Segregating PPM Through Keyword Search Terms.

The Proposed Protocol utilizes an objective process by applying tailored keyword search terms to reasonably identify PPM where the Government reasonably expects to encounter it, and segregate and protect that PPM from disclosure. Moreover, the Proposed Protocol provides parties and privilege claimants the opportunity to review and assert privilege as to all identified PPM before it is released to the Prosecution Team. This process ███████████████████ ████████████████████████, and its adoption here would enable the Filter Team to complete its filter review of the PPM and promote consistency regarding the handling of PPM in this matter.

The material to be processed through the Proposed Protocol includes items already in the Government's possession that are reasonably likely to contain attorney communications. *See* Mot. at 2-4; Opp. at 1 (describing material). ██████████████████ the Filter Team already segregated documents that reasonably contain PPM by applying keyword search terms targeted toward the individuals and attorneys identified in this case. In formulating these terms, the Filter Team sought input from the parties and privilege holders, including Gosney, who provided attorney names to be used as search terms. ████████████████████████ If the

Court approves the Proposed Protocol, the Filter Team will again seek input from the parties and privilege holders regarding appropriate attorney information or other PPM-related search terms.

Under the Proposed Protocol, if there is a reasonable basis to conclude a document may contain PPM, it is segregated and placed into the protocol review process. It is then produced to the potential privilege claimant for an opportunity to assert privilege with particularity through a privilege log. The Proposed Protocol then permits parties an opportunity to discuss and attempt to narrow the remaining disputes before material that remains in dispute is submitted to the Court for in camera inspection, if necessary, and for adjudication. Importantly, the Filter Team does <u>not</u> make privilege determinations, including instances of arguable waiver or application of crime fraud exception, which remain solely the Court's province.[8] Together, this process reasonably protects disclosure of PPM by use of objective search terms, tied to the particulars of this case.

### B. *Baltimore Law Firm* and *Winget* Are Inapplicable, As Recognized by The Eleventh Circuit and the Southern District *Korf* Decisions.

The Opposition nevertheless "urges" the Court to categorically adopt a more onerous protocol, such as those described in *Baltimore Law Firm* and *Winget*, whereby the Filter Team is not permitted to make these objective initial privilege determinations. Defendant Gosney's reliance on these Fourth and Sixth Circuit cases is misplaced, because those decisions hinged on the existence of circumstances that, according to those courts, justified the enhanced protocols within the context of those cases. None of those circumstances are present here. In *Baltimore Law*

---

[8] Nor does the use of a Filter Team usurp the judicial function, as the Opposition suggests. Opp. at 4, 11. As the Southern District of New York recently explained in upholding the use of a filter team: "[I]t is a non sequitur to say that merely because the final adjudication of a privilege dispute —that is, whether materials that are lawfully in the Government's possession pursuant to a seizure warrant are privileged—is a judicial function, a court may not allow the Government to review the materials in the first instance and reserve its power to adjudicate any disputes that may arise." *United States v. Avenatti*, No. 19-CR-374-1, 2021 WL 4120539, at *5 (S.D.N.Y. Sept. 9, 2021); *see also id.* (citing the *Korf* Dist. Ct. Order's analysis distinguishing *Baltimore Law Firm*).

*Firm*, the Government seized documents pursuant to a search warrant for a lawyer's records, including communications with the lawyer's other clients who were being investigated or prosecuted by the same United States Attorney's Office for unrelated crimes. *Baltimore Law Firm*, 942 F.3d at 167. In *Winget*, the dispute involved material from a challenged grand jury subpoena, where the Government did not have physical control of the subject documents. *Winget*, 454 F.3d at 512. In both cases, these factors were the primary reasons cited as justification for adopting the heightened protocols. *See Korf* at *11-12 (distinguishing *Baltimore Law Firm* and *Winget*).

Neither of those scenarios exists here: the Government is not seeking records from Gosney's attorney or from a law office pursuant to a search warrant, and the Protocol material is already largely within the Government's possession. Even the *Winget* court agreed that, once documents are within the Government's possession upon execution of a search warrant, using a filter team to make initial privilege determinations "is respectful of, rather than injurious to, the protection of privilege." *Id.* at 522-23; *see Korf* at *11 (quoting same).

Similarly, in the District Court proceedings in *Korf*, Magistrate Judge O'Sullivan made clear that, although he ultimately approved the modified privilege protocol, he did so due to the particular concerns of that case—not as the sweeping, one-size-fits-all approach advocated by Gosney. Indeed, Magistrate Judge O'Sullivan's order, which the Eleventh Circuit affirmed, supported the traditional role of Filter Teams in conducting initial privilege assertions. *See Korf* District Court Order at *4-5 (citing extensive authority supporting filter team reviews and noting that "the use of a filter team to review privileged material is not, in and of itself, injurious"). The court found that "[t]he instant case is different from the ordinary search of a business where items protected by the attorney-client or work product doctrine may sometimes be found." *Id.* at *6. In particular, Magistrate Judge O'Sullivan found that the privileged material related largely to

communications concerning civil forfeiture actions covering the same conduct, raising a risk of a cross-contamination if the Government inadvertently obtained privileged information. *Id.* In light of this unique circumstance, he determined that a modified protocol was appropriate. *Id.*

Once again, this unique circumstance, which led Magistrate Judge O'Sullivan to conclude a modified protocol was appropriate, is not present here.[9] *See Korf* at *4 (Magistrate Judge O'Sullivan entered modified protocol because he "concluded [the original protocol] did not provide sufficient protection"). Gosney does not provide any factual basis for the Court to conclude that a heightened privilege protocol is appropriate here, much less any circumstance as in *Korf*—or *Baltimore Law Firm*—or in *Winget*—that colorably would justify such a request. The only purported basis in the Opposition for a heightened privilege protocol is Gosney's passing reference that "in-house counsel kept an office at the premises where the search warrant was executed." Opp. at 11-12. But this statement is a red herring. As noted in the Motion, no items were seized from the office purportedly belonging to Mr. Fousek, and no individual from the Government entered his office other than to secure and clear the office during the initial sweep. Mot. at 3, n.4. Thereafter, the Filter Agent assigned to the case sealed the office with tape to prevent further entry. *Id.* Further, until recently, Mr. Fousek represented *another* Defendant in this case, Timothy Richardson, in which capacity Mr. Fousek did not oppose the Proposed Protocol's entry. *See* Ex. 2 (April 5, 2022 K. Fousek email) ("No objection, for Tim Richardson").

## III. THE FILTER TEAM IS SEPARATE FROM THE FRAUD SECTION'S OTHER OPERATING UNITS AND HAS AN INDEPENDENT SUPERVISORY AND REPORTING CHAIN

The Filter Team is comprised of members and supporting staff of the U.S. Department of Justice's Special Matters Unit (the "SM Unit") of the Criminal Division's Fraud Section. The SM

---

[9] Magistrate Judge Torres likewise rejected Gosney's counsel's argument in *Stein* that a heightened protocol was appropriate where no relevant factual basis supported one. Mot., Ex. M (*Stein* Order).

Unit, including the undersigned Filter Attorney, has a separate reporting and supervisory chain from the Prosecution Team, and members of the SM Unit are not, and will not be, involved in the investigation or substantive proceedings related to this matter.  *See* Mot. at 1, n.1 and 6, n.7.  At Gosney's request, the SM Unit inserted a new section into the Proposed Protocol expressly to this effect:  "2.  The Filter Team shall not share a first-level supervisor with anyone on the investigative/prosecution team (the 'Prosecution Team').  Any supervisor involved in the filter team review shall be walled off from the underlying investigation."  Proposed Protocol ¶ 2.[10]

Nevertheless, the Opposition argues—without legal or factual support—that the presence of the Acting Fraud Section Chief in the upper portion of the Filter Team's signature block somehow suggests that he "presides over *both* the investigative team and the filter team."  Opp. at 12.  In reality, the SM Unit is an independent component of the Criminal Division's Fraud Section, and the first-level supervisor of the undesigned Filter Team Attorney resides within the SM Unit— not any other component of the Fraud Section.  As *Korf* recognized, the key consideration is the separation of a "first level supervisor" between Filter Team and Prosecution (*Korf* at *5), which is present here—and memorialized in the Proposed Protocol.  Proposed Protocol ¶ 2.

## CONCLUSION

For the above reasons, the Filter Team respectfully requests the Court grant its Partially Opposed Motion for a Protocol Governing Materials Subject to Claims of Privilege.

---

[10] As noted in the Opposition, Gosney requested two other changes to the Proposed Protocol, neither of which is appropriate.  Opp. at 2-3.  First, Gosney sought to strike Sections 6(e) and 7(f), which provide that the Court may find waiver where a party fails to sufficiently assert privilege, which is consistent with the well-established rule that the party invoking a privilege bears the burden of establishing it.  *See United States v. Patel*, 509 F. Supp. 3d 1334, 1338 (S.D. Fla. 2020) (J. Reinhart).  Second, Gosney's request to access search warrant material before the Filter Team releases it is inconsistent with *Korf* and Rule 41, as discussed in the Motion and the instant Reply.

This the 29th day of April, 2022

Respectfully submitted,

JOSEPH BEEMSTERBOER, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By:     */s/ Timothy J. Coley*
        TIMOTHY J. COLEY (FL Bar # A5502784)
        Trial Attorney
        United States Department of Justice
        Criminal Division, Fraud Section
        Special Matters Unit
        1400 New York Avenue NW
        Washington, DC 20530
        Tel: (202) 514-0395
        Timothy.J.Coley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on April 29th, 2022, I filed the foregoing with the Clerk of the Court.

*/s/ Timothy J. Coley*
TIMOTHY J. COLEY
Trial Attorney, Fraud Section

# EXHIBIT 1
*UNDER SEAL*

# EXHIBIT 2
*UNDER SEAL*

## Coley, Timothy J. (CRM)

| | |
|---|---|
| **From:** | Keith Fousek <kfousek1@gmail.com> |
| **Sent:** | Tuesday, April 5, 2022 2:36 PM |
| **To:** | Coley, Timothy J. (CRM) |
| **Subject:** | [EXTERNAL] Re: United States v. Carver - case scheduling/complex designation |

No objection, for Tim Richardson

Keith Fousek, Esquire

On Tue, Apr 5, 2022 at 2:12 PM Coley, Timothy J. (CRM) <Timothy.J.Coley@usdoj.gov> wrote:

Good afternoon Counsel,

The filter team intends to insert the following language in a new Paragraph 2 of the proposed filter protocol order:

2.      The Filter Team shall not share a first-level supervisor with anyone on the investigative/prosecution team (the "Prosecution Team"). Any supervisor involved in the filter team review shall be walled off from the underlying investigation.

An updated draft of the order is attached for your reference.  We assume your clients' non-opposition is not affected by this new language, but if that is not the case, please advise no later than noon Eastern tomorrow, April 6.

Thanks,

Tim

Timothy J. Coley

Trial Attorney, Fraud Section

U.S. Department of Justice (CRM)

Cell: 202-262-6631

Email: Timothy.J.Coley@usdoj.gov

**From:** Coley, Timothy J. (CRM)
**Sent:** Tuesday, March 29, 2022 2:30 PM
**To:** Rafferty, Brian T. <brafferty@bakerlaw.com>; stevesadow@gmail.com; Robyn Lynn Sztyndor <rls409@nyu.edu>;
Howard Srebnick <HSrebnick@royblack.com>; Alyssa Silvaggi <ASilvaggi@royblack.com>; Victor Sherman
<victor@victorsherman.law>; Austin Krtausch <Austin.Krtausch@gray-robinson.com>; Mehta, Jason
<jmehta@bradley.com>; Jack@goldbergerweiss.com; Matthew Goldberger <matthew@goldbergerfirm.com>; Keith
Fousek <kfousek1@gmail.com>; ask_pa@bellsouth.net; robert_adler@fd.org
**Cc:** Ciko Torza, Lindita (CRM) <Lindita.Ciko.Torza@usdoj.gov>
**Subject:** RE: United States v. Carver - case scheduling/complex designation

Counsel,

Following up the email below, attached please find a proposed filter protocol order.  Please advise by **5PM Eastern this
Friday April 1, 2022** whether you oppose the attached protocol.

If you have questions or would like to discuss the protocol, please advise, and we can set up a time to discuss.

Thanks,

Tim

Timothy J. Coley

Trial Attorney, Fraud Section

U.S. Department of Justice (CRM)

Cell: 202-262-6631

Email: Timothy.J.Coley@usdoj.gov

---

**From:** Queenan, Patrick (CRM) <Patrick.Queenan@usdoj.gov>
**Sent:** Tuesday, March 22, 2022 2:38 PM
**To:** Rafferty, Brian T. <brafferty@bakerlaw.com>; stevesadow@gmail.com; Robyn Lynn Sztyndor <rls409@nyu.edu>;
Howard Srebnick <HSrebnick@royblack.com>; Alyssa Silvaggi <ASilvaggi@royblack.com>; Victor Sherman
<victor@victorsherman.law>; Austin Krtausch <Austin.Krtausch@gray-robinson.com>; Mehta, Jason
<jmehta@bradley.com>; Jack@goldbergerweiss.com; Matthew Goldberger <matthew@goldbergerfirm.com>; Keith
Fousek <kfousek1@gmail.com>; ask_pa@bellsouth.net; robert_adler@fd.org
**Cc:** Cuyler Jr., Reginald (CRM) <Reginald.Cuyler.Jr@usdoj.gov>; Coley, Timothy J. (CRM) <Timothy.J.Coley@usdoj.gov>;

Ciko Torza, Lindita (CRM) <Lindita.Ciko.Torza@usdoj.gov>; Nadler, Arielle (CRM) <Arielle.Nadler@usdoj.gov>
**Subject:** United States v. Carver - case scheduling/complex designation

Good afternoon Counsel,

The government is proposing to designate the case complex and extend the trial date out to allow the parties sufficient time to prepare for trial.  We have drafted the attached proposed joint motion for your review and consideration.  In summary, we seek to push the trial date out due to the number of defendants, the volume of discovery, nature of prosecution, and filter review needed.

Recently, Judge Cannon entered a protective order.  The government will now file its first response to the standing discovery order and will also send out the first production (thumb drive via Fedex) tomorrow.  A second production will follow in the next 1-2 weeks with 302s and other items.

As for the filter review, I have copied Tim Coley and Lindita Ciko Torza from the Special Matters Unit.  They will follow up with a proposed protocol for your review and consideration.  Once the filter protocol is approved by the Court, it sounds like the filter team will need up to 60-90 days to complete its review and produce all materials to the prosecution team and defense counsel.  There are approximately 620,000 documents subject to filter review.

Are folks available tomorrow afternoon for a call to confer on gathering some proposed trial dates to propose to Judge Cannon either in a joint motion (such as the attached) or by requesting a scheduling conference?  We are available between 3-4p or after 5p tomorrow.

Thanks,

Patrick J. Queenan

Trial Attorney, Health Care Fraud Unit

Department of Justice

Criminal Division, Fraud Section

(202) 875-0326

--

Law Office of Keith A. Fousek Keith A. Fousek, Esquire 6400 SW 16th Street, North Lauderdale, Florida 33068. Ft. Lauderdale: 954-623-7545 Ft. Lauderdale: 954-543-4161 (office fax) Fort Myers: 239-529-4885 kfousek1@gmail.com To all Schedulers / Hearing Coordinators: Please do not schedule any hearings unilaterally as they will not be considered coordinated and if in conflict to our calendar we will request that you cancel and reset. Your cooperation and patience is appreciated. WARNING: This e-mail and any attachments are covered by the Electronic Communications Privacy Act, 18 U.S. C. §2510-2521 and/or HIPPA, privacy rules and is legally privileged, confidential, and proprietary.  Furthermore, this e-mail message, and any attachment hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any use, dissemination, distribution or copying of this e-mail message, and/or any attachment hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender and permanently delete the original and any copy of this message, its attachments, and any printout thereof. Thank you.