Case 9:22-cr-80022-AMC Document 360 Entered on FLSD Docket 10/11/2022 Page 2 of 10
Case 9:22-cr-80022-AMC Document 260 Entered on FLSD Docket 05/11/2022 Page 1 of 10
Page 1 of 10

FILED BY _____DJ_____ D.C.

May 6, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80022-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**JOHN PAUL GOSNEY, JR.**,

    Defendant.
_____/

### ORDER GRANTING MOTION FOR DISCOVERY PROTOCOL GOVERNING DISCLOSURE OF MATERIAL SUBJECT TO CLAIMS OF PRIVILEGE

**THIS CAUSE** comes before the Court upon the Government's Partially Opposed Motion for Discovery Protocol Governing Disclosure of Material Subject to Claims of Privilege (the "Motion") [ECF No. 177], filed on April 11, 2022.[1] The Court has reviewed the Motion, Defendant John Paul Gosney, Jr.'s Response in Opposition [ECF No. 200], the Government's Reply [ECF No. 216], and the full record. Following review, the Motion [ECF No. 177] is **GRANTED**.

\*\*\*

This case involves ten Defendants accused of participating in a large health care fraud conspiracy [ECF No. 23].[2] In 2021, the Government executed several search warrants seizing

---

[1] The nine other Defendants in this action express no opposition to the entry of the proposed protocol [ECF No. 177 n.2].

[2] This case is currently set for trial to begin during the two-week period commencing on August 1, 2022 [see ECF No. 153]. In light of the parties' agreement regarding the complexity of this case and the over 90,000 documents involved, the Court will enter an Order resetting trial to January 2023 [ECF No. 146].

Case 9:22-cr-80022-AMC Document 360 Entered on FLSD Docket 10/11/2022 Page 2 of 10
Case 9:22-cr-80022-AMC Document 360 Entered on FLSD Docket 10/11/2022 Page 2 of 10
Page 2 of 10
CASE NO. 22-80022-CR-CANNON

materials located at a call center location and Defendants' email communications [ECF No. 177 pp. 2–3].[3] The Government intends to use a team of Department of Justice attorneys, walled off and separate from the prosecution team, to identify and isolate potentially protected material ("PPM") among the seized material [ECF No. 177]. PPM includes "material that could potentially garner protections of the attorney client privilege, work product doctrine, or other legally recognized privileges" [ECF No. 177 n.3].

Specifically, the Government's proposal would allow the walled-off "filter team" to make the first determination as to whether materials are PPM or non-PPM. After that determination is made, PPM would be segregated and subject to further review, whereas non-PPM would be turned over to the prosecution team and to Defendants [ECF No. 177-1 ¶¶ 3–4]. The review process for PPM includes: notice to the ostensible privilege-holder [ECF No. 177-1 ¶¶ 6(a), 7(b)]; a thirty-day window for the privilege-holder to review the materials and submit to the filter team any objections [ECF No. 177-1 ¶¶ 6(b), 7(c)]; a meet and confer requirement if the filter team receives any objections [ECF No. 177-1 ¶¶ 6(f), 7(g)]; and a timeline for the relevant parties to brief any motions to compel following the conferral meeting [ECF No. 177-1 ¶¶ 6(g), 7(h)]. Meanwhile, for material that the filter team deems non-PPM and shares with the parties, the protocol allows privilege-holders to submit written objections after the fact and requires that the filter team "promptly claw back" any disputed non-PPM to then be treated as PPM [ECF No. 177-1 ¶ 8]. In the event that any members of the prosecution team are inadvertently exposed to PPM, the protocol requires that they "immediately cease review of the [PPM] and turn the [PPM] over to the Filter Team for

---

[3] The call center contained the office of Keith Fousek, the attorney who formerly represented Defendant Timothy Richardson in this action. The Government represents, without opposition from Gosney, that "[n]o items were seized from [that] office, and no individual from the Government entered [that] office other than to secure and clear the office during the initial sweep" [ECF No. 177 n.4].

2

Case 9:22-cr-80022-AMC Document 360 Entered on FLSD Docket 10/11/2022 Page 3 of 10
Case 9:22-cr-80022-AMC Document 200 *SEALED* Filed 05/11/2022 Page 3 of 10
Page 3 of 10
CASE NO. 22-80022-CR-CANNON

processing," but does not automatically disqualify such members [ECF No. 177-1 ¶ 12]. The protocol expressly recognizes that "[t]he Court retains jurisdiction to resolve any dispute or adjudicate any claim of privilege or protection asserted over discovery material produced pursuant to the Protocol, including if, and under what circumstances, a party may use the [PPM] at trial" [ECF No. 177-1 ¶ 9].



Now, the Government again seeks approval of a filter protocol for this matter [ECF No. 177]. The proposed protocol is substantially similar to the protocol implemented by Judge Williams, with a few differences, only two of which are pertinent to the resolution of Gosney's instant objections [*compare* ECF No. 177-1, *with* ECF No. 177-2 pp. 63–67]. Unlike the previous protocol, the proposed protocol contains a provision prohibiting members of the filter team and members of the prosecution team from sharing any first-level supervisors

3

[ECF No. 177-1 ¶ 2].[4] The proposed protocol also contains language that states that the Court may (but does not have to) consider a privilege-holder's failure to comply with the objection and conferral procedures set forth elsewhere in the protocol as a waiver of any relevant privileges [ECF No. 177-1 ¶ 6(e)]. Those are the pertinent differences between the previous protocol and the proposed protocol for purposes of this Motion [ECF No. 177].[5]

Like before, Gosney objects to the proposed filter protocol. Gosney emphasizes that he continues to fundamentally oppose the use of a filter team consisting of government attorneys [ECF No. 200 nn.2–3; ECF No. 200 p. 12]. Similarly, Gosney also opposes allowing the filter team to initially identify and then disseminate non-PPM to the prosecution team without first giving the defense a 30-day period to challenge such non-PPM designations [ECF No. 200 p. 4]. Gosney now also requests, in passing, that the proposed protocol's permissive waiver language be removed [ECF No. 200 p. 2; *see* ECF No. 177-1 ¶ 6(e)]. The Court first addresses the proposed protocol as a whole and then discusses Gosney's specific objections in turn.

███████████████████████████████████████████████████ the Court finds the proposed filter protocol to be consistent with the Sixth Amendment and with the Federal Rules of Criminal Procedure.[6] The proposed protocol is intended to establish an orderly and efficient process by which constitutionally protected material can be identified and safeguarded, in a way that adequately respects Defendants' rights, as the Government reviews tens

---

[4] This new term was added pursuant to an agreement between the parties [*see* ECF No. 177 n.6].

[5] The proposed protocol also, among other things, provides further detail on how ostensible privilege-holders must provide notice, and also increases certain deadlines from five to ten days [*compare* ECF No. 177-1, *with* ECF No. 177-2 pp. 63–67]. These other changes are not the subject of any dispute.

[6] Gosney has not represented that any issues have arisen from the implementation of that substantially similar protocol.

of thousands of seized documents.[7] The question before the Court is whether the proposed protocol is sufficient for that purpose, and the Court determines that it is. As discussed, the protocol contemplates the use of a filter team that is completely walled off from the prosecution team, and contains a front-end dispute resolution process for documents deemed PPM and a back-end dispute resolution process for documents deemed non-PPM. *See supra* p. 2. Moreover, the proposed protocol does not displace or undermine—but instead expressly acknowledges—the Court's independent ability to respond to inadvertent review problems that may arise throughout this proceeding [ECF No. 177-1 ¶ 9]. The Court is mindful of Defendants' right to a fair trial under the Sixth Amendment, and of the possible attorney-client privilege contained therein, but finds that the proposed protocol does not improperly intrude upon that right. *See United States v. Noriega*, 917 F.2d 1543, 1551 (11th Cir. 1990) (recognizing attorney-client privilege as an aspect of the right to a fair trial that is not absolute); *United States v. Melvin*, 650 F.2d 641, 644 (5th Cir. 1981) (acknowledging that not all intrusions into the attorney-client relationship violate the Sixth Amendment). The Court now turns to Gosney's three challenges to the protocol.

**I.      Government Filter Team**

Gosney's general protestation about the use of a "filter team involving DOJ or other government agents" is unavailing [ECF No. 200 p. 12]. Gosney provides no legal authority for the proposition that government filter teams are improper per se, and no such authority appears to exist. Rather, numerous courts, including the Eleventh Circuit, have approved of the use of filter teams involving independent government personnel. *See In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means*, 11 F.4th 1235, 1239, 1252

---

[7] From the email search warrant alone, the Government received approximately 79,000 documents. That figure does not include all of the documents seized from the premises.

(11th Cir. 2021), *petition for cert. filed*, 2022 WL 1190230 (U.S. Apr. 18, 2022) (No. 21-1364); *United States v. Jarman*, 847 F.3d 259, 266 (5th Cir. 2017); *United States v. Taylor*, 764 F. Supp. 2d 230, 235 (D. Me. 2011); *In re Ingram*, 915 F. Supp. 2d 761, 765 (E.D. La. 2012). Further, the Government has offered assurances that it would maintain a wall of separation between the filter team and the prosecution team [ECF No. 216 p. 10]. Thus, "based upon the expectation and presumption that the Government's privilege team and the trial prosecutors will conduct themselves with integrity," the Court does not find the Government's level of involvement in the proposed protocol to be improper. *United States v. Grant*, No. 04 CR 207BSJ, 2004 WL 1171258, at *3 (S.D.N.Y. May 25, 2004).

## II. Unilateral Determination of Non-PPM

Gosney also argues that it is improper for the filter team to unilaterally identify and then distribute to the prosecution team non-PPM material; the Court disagrees. Numerous courts have approved of the same approach to non-PPM. *See United States v. Salahaldeen*, No. 3:20-CR-839, 2021 WL 2549197, at *1 (D.N.J. May 7, 2021); *United States v. Reifler*, No. 1:20-CR-512-1, 2021 WL 2253134, at *1 (M.D.N.C. June 2, 2021); *In re Search Warrants Executed on Apr. 28, 2021*, No. 21-MC-425 (JPO), 2021 WL 2188150, at *2 (S.D.N.Y. May 28, 2021), *appeal withdrawn* (June 30, 2021). Likewise, Judge Williams found this process for non-PPM to be proper, over the same objection Gosney voices now, and the record shows no materialized deficiencies with that process as it has unfolded to date [*see* ECF No. 177-2 p. 133]. This Court, too, finds the process for the identification of non-PPM to be satisfactory, particularly in light of the back-end dispute resolution processes for instances of disputed non-PPM and inadvertent exposure to PPM, *see supra* p. 2, as well as the Court's ability to address any such problems as they arise [ECF No. 177-1 ¶ 9].

As an alternative to the proposed approach to non-PPM, Gosney requests instead that all non-PPM—likely amounting to tens of thousands of documents—be turned over to Defendants for a thirty-day review period to verify the filter team's assessment prior to being released to the prosecution [ECF No. 200 p. 3]. In support of that request, Gosney points to two fact-specific decisions from the Sixth and Fourth Circuits, but neither compels the implementation of Gosney's requested modification in this case. *See In re Grand Jury Subpoenas*, 454 F.3d 511, 524 (6th Cir. 2006); *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 177–78 (4th Cir. 2019), *as amended* (Oct. 31, 2019).

The Sixth Circuit matter involved circumstances not implicated in this case—the documents at issue had not yet been seized or reviewed by the Government, and a third party had intervened in order to protect its own privileged material. *In re Grand Jury Subpoenas*, 454 F.3d at 513–14. Ultimately, the Sixth Circuit found it appropriate to appoint a Special Master to conduct the filtration process specifically with respect to "documents in the third-party subpoena recipient's possession." *Id.* at 516, 524. Gosney does not make clear why the same degree of protection is required in this case, where the proposed protocol concerns Defendants' documents that were already seized by the Government.

The Fourth Circuit case, meanwhile, concerned documents seized from a law firm, a circumstance that necessarily carried an elevated risk of undue intrusion upon the attorney-client privilege. *See In re Search Warrant*, 942 F.3d at 164–65, 183 ("Federal agents and prosecutors rummaging through law firm materials that are protected by attorney-client privilege and the work-product doctrine is at odds with the appearance of justice."). Also, the vast majority of the emails seized from the law firm concerned attorneys and clients "who had no connection at all with the investigation that led to the search warrant"—and "some of those other clients were being

7

investigated by or prosecuted by the same United States Attorney's Office for unrelated crimes." *See In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means*, 11 F.4th 1235, 1250 (11th Cir. 2021) (referencing *See In re Search Warrant*, 942 F.3d at 166–67). The Fourth Circuit's conclusion that the filter protocol used was improper and needed to be enjoined was motivated in part, by a desire to maintain the status quo until an adversarial proceeding could be conducted. *See id.* at 183 (Rushing, J., concurring) ("The majority suggests a procedure by which a magistrate judge could authorize a search but delay ruling on proposed review protocols until the court can *sua sponte* gather the parties for an adversary proceeding.").

In the instant case, the material at issue was seized from Defendants' call center and email accounts, and not from any law offices. *See supra* n.3. Like with the Sixth Circuit decision, Gosney does not persuade the Court that the conclusion reached by the Fourth Circuit, in light of the "unique facts and circumstances" of the matter before it, necessitates modifying the Government's proposed protocol here. *In re Search Warrant*, 942 F.3d at 183 (Rushing, J., concurring). Rather, when the Eleventh Circuit discussed both of the described decisions, it characterized them as being among "the most exacting" judicial decisions on filter protocols, without suggesting that they imposed requirements on filter protocols across the board. *In re Sealed Search*, 11 F.4th at 1251–52.

For these reasons, the Court determines that Gosney's proposed modification to the initial PPM/non-PPM determination, under the given procedural history and context, and after reviewing the relevant authorities on the subject, is not required under the law or circumstances of this case.

### III. Waiver Provision

Finally, the Court does not find the waiver language included in the proposed protocol to be improper. The provision at issue states that, if the ostensible privilege-holder fails to submit a

compliant privilege log when objecting to the production of certain PPM or to satisfy the meet-and-confer requirements, "the Court *may* determine that such inactions constitute waiver of any privileges) and/or protection(s) over the [PPM]" [ECF No. 177-1 ¶ 6(e) (emphasis added)]. This provision is meant to ensure compliance with the other terms outlined in the protocol and is consistent with the well-established rule that "[t]he person invoking [a] privilege . . . bear[s] the burden of proving its existence." *In re Grand Jury Investigation*, 842 F.2d 1223, 1225 (11th Cir. 1987). Moreover, this provision speaks in permissive terms—without imposing an automatic waiver rule upon would-be privilege-holders [ECF No. 177-1 ¶ 6(e)]. Under these circumstances, noting also the undeveloped nature of Gosney's opposition to it [*see* ECF No. 200 p. 2], the Court finds no reason to exclude it from the approved protocol.

For these reasons, finding no violation of law in connection with the proposed protocol, and finding good cause under the circumstances to adopt the proposed protocol, the Court hereby approves the protocol as proposed. It is hereby **ORDERED AND ADJUDGED** as follows:

1. Government's Partially Opposed Motion for Discovery Protocol Governing Disclosure of Material Subject to Claims of Privilege (the "Motion") [ECF No. 177] is **GRANTED**.

2. The proposed Discovery Protocol [ECF No. 177-1] will be entered by a separate order.

3. **As in all matters, the Court impresses upon the Government the importance of operating at all times at the highest levels of integrity, candor, and professionalism in its execution of the approved filter process and in handling this case generally. Any breaches of this obligation will be addressed meaningfully by this Court**.

Case 9:22-cr-80022-AMC Document 36 Entered on FLSD Docket 05/11/2022 Page 10 of 10
Case 9:22-cr-80022-AMC Document 36-2 Filed on FLSD Docket 05/11/2022 Page 10 of 10
Page 10 of 10

CASE NO. 22-80022-CR-CANNON

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 6th day of May 2022.

*[signature]*

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record