UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80022-CANNON/REINHART

UNITED STATES OF AMERICA

vs.

DANIEL M. CARVER,
THOMAS DOUGHERTY,
JOHN PAUL GOSNEY JR.,
LOUIS CARVER, and
JOSE GOYOS,

          **Defendants**.
_____/

**GOVERNMENT'S REPLY IN SUPPORT
OF SUPPLEMENTAL OMNIBUS MOTION *IN LIMINE***

On March 20, 2023, Defendants Daniel M. Carver and Jose Goyos filed responses to the government's supplemental omnibus motion *in limine*. [ECF Nos. 532 and 533, respectively]. On March 24, 2023, the Court granted Defendant Thomas Dougherty's motion to join Defendant Carver's response. [ECF No. 539]. The United States of America, through undersigned counsel, hereby submits this consolidated Reply in support of its omnibus motion *in limine* and supplement thereto. [ECF Nos. 389, 528]. *First*, the Court should reject the Defendants' arguments to preclude evidence of their prior convictions. This evidence is inextricably intertwined with the charged offenses and is not being offered as propensity evidence. *Second*, the Defendants' remaining arguments are without merit and should be rejected because (i) Defendants cannot argue that an Anti-Kickback Statue safe harbor applies without first establishing a factual predicate that it does; (ii) Defendants concede that they have to disclose and provide discovery pertaining to any advice of counsel defense upon the government providing an exhibit list; (iii) irrelevant instances of good conduct are not admissible; (iv) Defendants cannot point to uncharged co-conspirators or conduct

to nullify the jury; and (v) Defendants cannot introduce evidence of their own self-serving, out-of-court statements because they are inadmissible hearsay.

**I. THE DEFENDANTS' CONVICTIONS ARE INEXTRICABLY INTERTWINED WITH THE CHARGED OFFENSES AND ALTERNATIVELY ARE ADMISSIBLE UNDER RULE 404(b).**

The Court should reject the Defendants' arguments to exclude evidence of their prior convictions. *First*, the Defendants' felon status is integral to the charges in the Indictment because it is part of the reason why they used nominee owners to hide their ownership and managerial interests in the companies at issue. Nonetheless, Defendant Carver, citing no case law, summarily argues that his felonies should not be introduced as evidence because "[n]one of those convictions . . . involve dishonesty or deception." [ECF 533 at 2]. But this completely ignores the government's motion: Medicare generally excludes providers with certain criminal histories—particularly those of the Defendants with felonies—from participating as providers in the program. *See generally* 42 C.F.R. § 424.530 (citing 42 U.S. Code § 1320a–7 regarding exclusion of certain individuals and entities from participation in Medicare). Defendants submitted several Medicare enrollment applications for the laboratories listed in the Indictment and concealed that the Defendants with felonies truly owned them. This was their intent as Defendants proposed listing Defendant Macier as a nominee owner of one of the laboratories but reversed course upon learning that he too was a felon. [ECF 528 at 8-9]. This evidence cannot be divorced from the story of the crime. *United States v. Ellisor*, 522 F.3d 1255, 1269 (11th Cir. 2008) (affirming mail fraud conviction). The Defendants would not have been able to bill Medicare for tens of millions of dollars of medically unnecessary genetic testing ***but for*** concealing that the Defendants with felonies were the true owners. Indeed, such omissions in and of themselves warrant exclusion. *See* 42 U.S.C. 1320a–7(1)(b)(16).

*Second*, Defendant Goyos's conviction and resultant GPS monitoring related to a previous telemarketing fraud scheme he was involved in are similarly woven into the instant offense. The Defendants recruited Defendant Goyos to the scheme in large part because he knew how to operate a wide-scale telemarketing fraud – specifically one in Palm Beach County. [ECF 528 at 9]. The government should not be prevented from introducing evidence that this is why the other Defendants turned to Goyos to help execute the scheme. Indeed, the narrative would not make sense to the jury without these facts. *See Ellisor*, 522 F.3d at 1269 ("Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if . . . [it] is necessary to complete the story of the crime for the jury."). For example, the jury could easily be confused as to why Goyos had to obtain pre-employment verifications, if it does not learn that Goyos was on supervised release for a fraud conviction in the Southern District of Illinois. A similar result could occur if the jury is not informed as to why GPS data exists showing that Defendant Goyos was indeed working at Defendant Carver's company Broadstreet Lifestyles, and not the company for which he sought and obtained pre-employment verification. Moreover, evidence that Defendants Carver and Goyos lied to the Salvation Army, as part of the pre-employment verification process, is highly probative of their intent and mental state to commit the charged crimes—each of which will be critical issues for the jury to decide.

Moreover, even if the challenged evidence is not inextricably intertwined, it is admissible under Federal Rule of Evidence 404(b). Concealing ownership in Medicare enrollment documents to avoid exclusion and recruiting a proven telemarketing scammer are two crucial steps toward billing Medicare for medically unnecessary ancillary services. In other words, this evidence would be admitted to show "motive, opportunity, intent, preparation, plan, knowledge . . . absence of

mistake, or lack of accident"—not for inadmissible propensity purposes. *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (upholding district court's admission of evidence of defendant's prior crimes).

Defendant Carver's response offers no argument to refute this 404(b) argument at all, and Goyos's attempt to refute it fails. As a preliminary matter, Goyos's reliance on *United States v. Mills* is misplaced. *Id*., 138 F.3d 928, 936 (11th Cir.), *opinion modified on reh'g*, 152 F.3d 1324 (11th Cir. 1998) (holding, *inter alia*, that the lower court's admission of other crime was harmless error). In *Mills*, the court admitted evidence that the defendant falsified a customs declaration as Rule 404(b) evidence showing knowledge and intent to falsify passenger manifests in the charged offense. The Eleventh Circuit found that the two acts were not similar enough to show knowledge and intent, and that the falsified customs declaration should not have been admitted. *Id*. Here, by contrast, Defendant Goyos's prior conviction and the charged offense involve the exact same instrumentality (a telemarketing scam based in Palm Beach County) that violated some of the same statutes (18 U.S.C. § 1349, 18 U.S.C. § 1343). In fact, the evidence here is similar to that which was admitted in *United States v. English*, which Defendant Goyos cited in his own brief. *See* 785 F.3d 1052 (6th Cir. 2015). In *English*, the district court admitted evidence that the defendant had been involved in prior Medicare fraud schemes to show that he was "aware of how such schemes operated" and that he "knowingly and willfully defrauded Medicare and had not done so by mistake."). Defendant Goyos used call centers in Palm Beach County in both the instant offense and his conspiracy conviction from the Southern District of Illinois. There is no question that he knew how these schemes operated, they were illegal, and there was no mistake in him joining the other Defendants in carrying out the instant conspiracy.

Additionally, Goyos contends that the only lie related to the pre-employment verification process related to the "name of the corporate entity that was employing him." [ECF 532 at 5.] That is not correct. The government intends to show that Defendants Goyos and Carver lied about other matters, including Defendant Goyos's role—"administration/data entry." Defendants Carver and Goyos lied to conceal Defendant Goyos's true role as managing a telemarketing campaign.

II. **THE DEFENDANTS' ARGUMENTS IN RESPONSE TO THE GOVERNMENT'S REQUEST FOR CERTAIN RULINGS IN LIMINE ARE WITHOUT MERIT.**

**Anti-Kickback Statute Safe Harbors**. It is well-settled, and Defendant Carver even recognizes, that the applicability of an Anti-Kickback Statute ("AKS") Safe Harbor is an *affirmative defense*, meaning that a defendant bears the burden of showing that one applies. Carver nonetheless argues that an *in limine* ruling on this point depends on how the government presents its case:

> [The motion *in limine*] depends on how the government tries this case and is therefore speculative. If the government argues, incorrectly, that a failure to meet a safe-harbor which is voluntary somehow results in a violation of the AKS, then a discussion of the AKS and its safe-harbors will become indispensable to fair outcome in this case.

[ECF No. 533 at 2]. This argument is illusory because the government does not intend to address safe harbors in any way, unless Defendant Carver establishes an ability to present evidence on them and then actually presents that evidence. Indeed, Defendant Carver's argument on this point highlights the importance of a pretrial ruling on the evidentiary issue. The Court should require Defendants to make a preliminary showing that a safe harbor is applicable before it allows evidence on the topic so that the jury is not confused, and the government is not compelled to address an issue that very likely will never come up at trial (because Defendants will not be able to make this showing). As numerous courts have noted, it is incumbent on the defendant to

establish a factual predicate before raising such an affirmative defense. The Fifth Circuit recently reiterated this precise point under similar circumstances. *See United States v. Hagen*, 60 F. 4th 932 (5th Cir. 2023) (affirming durable medical equipment company owners' convictions of paying and receiving over $27 million worth of health care kickbacks and upholding district court's decision not to give safe harbor instruction because defendants had not established a factual predicate). Indeed, this Court has granted a similar motion *in limine* filed by the government in a recent genetic testing case that went to trial, resulting in the defendant's conviction of several health care related-offenses in an over $460 million genetic testing scheme. *See* [ECF No. 351 ¶ 8] *United States v. Patel*, Case No. 19-CR-80181-RAR (S.D. Fla.) (ruling that the government's "[m]otion to exclude evidence or argument regarding the applicability of the safe harbor provision of the Anti-Kickback Statute is GRANTED.") (Ruiz, J.). The Court should do the same here.

**Good Faith Reliance on Advice of Counsel**. The Court should end the Defendants' delay in asserting whether they intend to raise any advice-of-counsel defenses. Allowing Defendants to continue procrastinating on disclosing this defense and providing discovery related thereto will only result in the government being ambushed at trial or wasting the Court's and the parties' time briefing and arguing the issue if the defense is not raised, investigated, and tested well before trial. This Court has required these disclosures before trial on several occasions. *See United States v. Roussonicolos et al.*, No. 21-CR-60723-KMW [ECF No. 185] (S.D. Fla. Oct. 5, 2022); *United States v. Ramamurthy*, Case No. 18-20710-CR-Altonaga/Goodman, [D.E. 276] at pp. 4-5 (S.D. Fla. Nov. 27, 2019); *United States v. Shapiro*, Case No. 19-20178-CR-Altonaga, [D.E. 108] at p. 2 (S.D. Fla. July 8, 2019). Thus, as stated, the Court simply must determine the deadline for which Defendants are to disclose the defense and provide discovery. [ECF No. 440 at 3]. The Defendants should accordingly be required to disclose whether they are asserting the defense and waive

privilege upon the Court's ruling at the May 18, 2023 hearing, and providing relevant discovery shortly thereafter so that the government can adequately prepare for trial. Defendant Carver's reliance on *United States v. Anderson*, 416 F. Supp. 2d 110, 116 (D.D.C. 2006), concedes that Defendants must make the disclosure, waive privilege, and provide discovery by the date the government provides its preliminary exhibit list. Defendant Goyos has stated that he had no attorney-client relationship with the attorneys hired by the Defendants who employed him [ECF No. 532 at 7], and he therefore cannot rely on this defense.

**Evidence of Good Conduct**. Defendant Carver provides nothing more than general statements of law regarding the admissibility of character evidence without explaining how it is applicable to the facts of this case. For example, Carver baldly asserts that "the government significantly dilutes both Mr. Carver's constitutional right to present character witnesses in his defense, and his right to present those witnesses under the Federal Rules of Evidence." [ECF No. 533 at 4]. However, Carver provided no information about the substance of these purported character witnesses' testimony, and no assurance that they will not inject irrelevant and inadmissible material into the trial. This danger can be avoided by a ruling that irrelevant prior acts of good conduct are inadmissible. *See* [ECF No. 351 ¶ 2] *United States v. Patel*, Case No. 19-CR-80181-RAR (S.D. Fla.) (ruling that the government's "[m]otion to exclude evidence or argument of specific acts of 'good conduct' unrelated to Defendant's knowledge or intent with respect to the charged scheme and the falsity of claims the Government puts at issue at trial is GRANTED." Such an order would not preclude the Defendants from introducing good-conduct evidence that is truly relevant and related. *See id.* Rather, it would apply only to "irrelevant, isolated instances of purportedly legitimate claims or wholly irrelevant good conduct…. *Id.*; *see*

*also* [ECF No. 389 at 7-8] (collecting orders granting motions *in limine* excluding irrelevant evidence of good conduct).

Unlike Defendant Carver, Defendant Goyos did provide some substance about what type of good-conduct evidence he seeks to admit, but it is the exact type of irrelevant evidence that has been routinely excluded in this District. *See* [ECF 532 at p. 6] (stating "any evidence relating to the operation of the business during the period of the alleged conspiracy, including the fact that Medicare beneficiaries were provided legitimate services, would be relevant to Jose Goyos' intent" and citing cases); *United States v. Moreira*, 605 F. App'x 852, 859 (11th Cir. 2015) ("[T]he Government did not charge and did not argue that there was no legitimate business conducted at Anna Nursing. Thus, evidence that some of the claims filed by Anna Nursing may have been for services legitimately provided to eligible patients without the payment of kickbacks was irrelevant."). The Court should accordingly grant the government's motion *in limine* on this issue.

**Uncharged Defendants and Conduct**. Defendant Carver's response illustrates why the government filed its motion *in limine* on this issue. Defendant Carver unambiguously states that he intends to elicit testimony regarding uncharged co-conspirators and conduct because "it is proper impeachment . . . of the government and its witnesses . . .[And] is also relevant to the credibility and motivations of government witnesses never charged with a crime." [ECF No. 533 at 5]. A court in this District recently precluded the precise line of inquiry that Defendant Carver seeks to pursue here. *See* [ECF No. 351 ¶ 6] *United States v. Patel*, Case No. 19-CR-80181-RAR (S.D. Fla.) (ruling that the government's "[m]otion to exclude evidence or argument alluding to collateral consequences of a conviction, Government charging decisions, or Government overreach is GRANTED. Such argument aimed at jury nullification is precluded.") (Ruiz, J.). Defendant Goyos does not intend to introduce such evidence. [ECF No. 532 at 7].

**Self-Serving Hearsay**. It is unclear whether Defendant Carver opposes the government's requested relief on this issue; he does not take it on directly. Instead, Defendant Carver states that some statements can be used for non-hearsay purposes and that, if some statements are offered by the government, then he is entitled to have them introduced in full, pursuant to Rule 106. [ECF No. 533 at 6]. This argument is beside the point. The government is moving to preclude the Defendants from injecting their own self-serving, out-of-court statements through testifying witnesses, a tactic that has been roundly rejected in this District. *See, e.g.*, [ECF No. 351 ¶ 3] *United States v. Patel*, Case No. 19-CR-80181-RAR (S.D. Fla.) (ruling that the government's "[m]otion to exclude evidence of Defendant's out-of-court statements offered by Defendant as self-serving hearsay is GRANTED. . . Defendant cannot introduce his own self-serving statements in the form of witness testimony, emails, or text messages. However, the Court will ensure completeness under Fed. R. Evid. 106.") (Ruiz, J.) (citing *United States v. Baptiste*, 596 F. App'x 880, 883 (11th Cir. 2015). The Court should do the same here.

WHEREFORE, the government respectfully requests that the Court grant its Omnibus Motion *in Limine* and supplement thereto.

Dated: March 27, 2023                   Respectfully submitted,

                                                    MARKENZY LAPOINTE
                                                    UNITED STATES ATTORNEY

                                                    GLENN S. LEON, CHIEF
                                                    CRIMINAL DIVISION, FRAUD SECTION
                                                    U.S. DEPARTMENT OF JUSTICE

                                By:    */s/ Patrick J. Queenan*
                                           Patrick J. Queenan
                                           FL Special Bar No. A5502715
                                           Reginald Cuyler Jr.
                                           FL Bar No. 0114062
                                           Andrew Tamayo
                                           FL Special Bar No. A5502970

Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 875-0326
patrick.queenan@usdoj.gov
reginald.cuyler.jr@usdoj.gov
andrew.tamayo@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2023, I served and filed the foregoing document with the Clerk of the Court via CM/ECF.

By:   */s/ Patrick J. Queenan*
      Patrick J. Queenan
      Trial Attorney
      U.S. Department of Justice